TAYLOR *v.* MEEKS.

(*Nashville,* December Term, 1950.)

Opinion filed March 9, 1951.

JEFF D. FULTS, of Tracy City, for plaintiff in error.

FRANK HICKERSON and FRANK L. LYNCH, both of Winchester, for defendants in error.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is a workmen's compensation case in which the employer has appealed from an award against him in favor of an employee.

There is little if any dispute as to the facts. The plaintiff, Dillard Taylor, sustained an injury to his right eye while riding in a truck of his employer, Mitchell Meeks. According to the undisputed evidence Meeks operated a

saw mill about ten (10) miles from his home and regularly carried his employees back and forth in his truck. On the day of Taylor's injury these employees were riding home from the mill. The defendant was driving the truck. As they proceeded along the highway the plaintiff was struck in the eye by an overhanging limb. There is some evidence that the plaintiff was engaged in a scuffle with a fellow employee at the time.

The trial judge awarded compensation in the sum of $10.80 a week for one hundred (100) weeks, to be credited with $93.00.

The assignments of error present three questions for determination: (1) that the accident did not arise out of and in the course of the plaintiff's employment; (2) that at the time of the injury "the plaintiff was participating in an act—scuffling, wrestling, or horseplay— that the defendant had warned him time and again not to indulge in, hence recovery under such circumstances cannot be had"; and (3) that the defendant was not given proper notice of the accident.

There is no merit in the contention that the plaintiff was wrestling and disobeying instructions and for this reason this injury was not compensable under Code Section 6861. It was not a wilful injury within the meaning of the statute. *Moore* v. *Cincinnati, N. O. & T. P. Ry. Co.*, 148 Tenn. 561, 256 S. W. 876. Nor is there any merit in the further contention that no notice was given of the accident. This is true because the defendant was present and had personal knowledge of the accident. *Kingsport Silk Mills* v. *Cox*, 161 Tenn. 470, 33 S. W. (2d) 90.

Coming now to the assignment that the trial judge was in error in holding that the accident arose out of

and in the course of Taylor's employment, we hold that this ruling of the trial judge was correct.

The defendant attempts to avoid liability by stating that his employees were not working for him while being transported to and from work; that their pay started upon arrival at the mill and stopped in the afternoon when they left the mill. Several of the employees corroborated the foregoing statement of Mr. Meeks.

We do not consider it important to a determination of the issue that the defendant's employees, and especially Taylor, were not being paid any wages for the time consumed while being transported to and from work. The employer furnished the transportation, and it was beneficial to him in securing their services. In determining liability in cases of this kind the courts consider whether or not there is any causal connection between the nature of the employment and the injury. *Thornton* v. *RCA Service Co.*, 188 Tenn. 644, 221 S. W. (2d) 954, and cases cited. In *Spradling* v. *Bituminous Cas. Corp.*, 182 Tenn. 443, 187 S. W. (2d) 626, 629, Mr. JUSTICE GAILOR speaking for the Court said: "The test applied in *Barragar* v. *Industrial Commission,* 205 Wis. 550, 238 N. W. 368, 78 A. L. R. 679, was approved by this Court in *Free* v. *Indemnity Ins. Co. of N. A.,* 177 Tenn. 287, 292, 145 S. W. (2d) 1026, 1028: 'If the business of the master creates the necessity for the travel, the servant is in the course of his employment. . . .' " Other cases cited in the foregoing opinion are applicable to the case at bar.

We pretermit any consideration of the transportation being for the "convenience" of one or the other of the parties. That is not the test. Adverting to the general principle of causal connection between the nature of the employment and the injury we think there is such a connection. It cannot be doubted that Taylor

was on the truck by reason of and "in the course" of his employment, and the accident arose "out of his employment." These employees were being regularly carried by the employer. Had he not furnished the transportation the saw mill could not have been operated. We can reach no other conclusion than that the transportation was a part of the business. Moreover we think from the evidence before us there was an implied contract that these employees would be carried to and from their work but their wages would start upon arrival at the mill and stop upon departure. The case of *Free* v. *Indemnity Ins. Co. of N. A.*, 177 Tenn. 287, 145 S. W. (2d) 1026, relied on by appellant has no application to the instant case.

The assignments of error are overruled, and the judgment of the trial court is affirmed.

All concur.