38780. AMERICAN HARDWARE MUTUAL INSURANCE COMPANY *et al.* v. BURT, Guardian.

DECIDED JUNE 6, 1961.

*Swift, Pease, Davidson & Chapman, H. B. Pease,* for plaintiffs in error.

*Vincent P. McCauley,* contra.

FRANKUM, Judge. The sole question is whether the claimant was injured in an accident arising out of and in the course of his employment within the meaning of *Code Ann.* § 114-102. The full board of directors found in favor of the claimant. This court must look to see if there is any evidence to support such award. *Code* § 114-710. *London Guarantee &c. Co. v. Herndon*, 81 Ga. App. 178 (58 S. E. 2d 510); *Employers Ins. Co. of Ala. v. Bass*, 81 Ga. App. 306 (58 S. E. 2d 516).

The terms "arising out of" and "in the course of" employment are not synonymous. The former phrase refers to when the accident occurs within the period of employment, at a place where the employee reasonably may be in performance of his work, while the latter phrase refers to when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury from the accident. *Hartford Accident &c. Co. v. Cox*, 101 Ga. App. 789 (115 S. E. 2d 452); *Aetna Casualty &c. Co. v. Honea*, 71 Ga. App. 569 (31 S. E. 2d 421); *New Amsterdam Cas. Co. v. Sumrell*, 30 Ga. App. 682 (118 S. E. 786).

Counsel for the plaintiff in error argued strenuously that the instant case falls within the classification of the so-called "lunch hour" classification cases exemplified by *Ocean Accident &c. Corp. v. Farr*, 180 Ga. 266 (178 S. E. 728); *Aetna Casualty &c. Co. v. Honea*, 71 Ga. App. 569, supra; *Austin v. General Acc. Assurance Corp.*, 56 Ga. App. 481 (193 S. E. 86); *Ralph v. Great American Indem. Co.*, 70 Ga. App. 115 (27 S. E. 2d 756). It is important to observe that all of the above cases were ones where the Workmen's Compensation Board found *against* the claimant, and accordingly, the court was perusing the record to see if any evidence was adduced at the hearing before the Workmen's Compensation Board to support the award, while in the instant case the board has found *for* the claimant. Accordingly, the same rule applied in this appeal.

The evidence in this case establishes without dispute: (1) that the claimant's right to return home for his supper was an express prerequisite to and incident of his contract of employment; (2) that the employer retained control of the employee during this period for the purposes of (a) designating the time

when he could leave, which depended on the trade in the store, and (b) making deliveries while en route from the drug store to his house when it was desirable, thus retaining a right to control both the time and manner of his trip home for supper, and (3) the employer furnished the transportation.

The general rule that lunch hour cases are not compensable is founded on the proposition that during the lunch hour the employee turns aside from his employment for his own purposes, and the master-servant relationship is suspended. As pointed out in *Travelers Insurance Co. v. Smith,* 91 Ga. App. 305 (85 S. E. 2d 484), it is the fact situation involved and not the mere designation of the time as "lunch hour" which controls; the theory that preparation for work in the morning was compensable, but preparation for work at the noon hour was not, was eliminated by that decision. The decision in *Ocean Accident &c. Corp. v. Farr,* 180 Ga. 266, supra, is to the effect that the evidence *authorized* a finding, where an employee was injured while on his way to get and eat his lunch during the lunch hour period, on his employer's premises, that the accident arose in the course of the employment but not out of it, and, in so ruling, the court stated: "The director was authorized to find that the 'noon time' was Farr's to employ as he should choose and eat his lunch where he pleased, and that the accident arose out of his individual pursuit and not out of his employment." This minor employee had no such choice; by agreement between his employer and his mother, and made a condition of his employment, he was to return home for supper.

Secondly, the reason the employer dictated the time for the supper hour and furnished the transportation to and from home was because it was during that period of time that the drug store had the highest volume of trade, and the board was authorized by the evidence to find "that the use of the motor scooter by the employee was incidental to his employment in that it permitted him to return to his work, by use of the same, sooner than he would have otherwise." The boy was instructed on the night in question to get back as soon as he could. His fastest means of transportation was, of course, the motor scooter, and it is common knowledge that travel by this means is more

dangerous than by bus or by foot. Although the employee theoretically had an hour for supper, he did not take his full time when his services were needed at the store, and he was on the night in question instructed to come back as soon as he could.

An agreement that the employment relationship shall continue during the period the employee is going to and returning from work may be inferred from the fact that transportation is furnished by the employer as an incident thereof. Kobe v. Industrial Acc. Commission, 35 Cal. 2d 33 (215 P. 2d 736).

Where transportation is furnished as an incident of the employment, the accident incurred during such transportation is compensable. 99 C.J.S. 834, Workmen's Compensation, § 235. If there is a causal connection between the nature of the employment and the travel because the business of the master creates the necessity therefor, the injury is compensable. Taylor v. Meeks, 191 Tenn. 695 (236 S. W. 2d 969). See also 50 A.L.R. 2d 363; 141 A.L.R. 862; 139 A.L.R. 1472. Whether the transportation furnished is for the purpose of getting the employee promptly to work in the morning and home at night, or of getting promptly to and from the premises during the lunch hour period, is not in itself decisive, the question being whether the furnishing of the transportation is a benefit to the employer and an incident of the employment contract. In this case it served both functions.

"An injury arises out of the employment when there is apparent to the rational mind, upon a consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Railway Express Agency v. Shuttleworth*, 61 Ga. App. 644 (1) (7 S. E. 2d 195). In that case the claimant, a claim investigator, was injured because of the outbreak of a fire at a hotel where he was sleeping, and the court rejected the theory that this removed him from the scope of his employment for the reason that "proper food and proper rest are necessary and incidental to the performance of the labor required, and in the present case they were furnished and paid for by the employer." See also *Free v. McEver*, 79 Ga. App. 831 (2) (54 S. E. 2d 372).

In this case a proper evening meal was by contract made necessary and incidental to the minor claimant's employment; the employer furnished the transportation, controlled the time and duration, and retained the right to have certain duties performed during the trip. The board was accordingly authorized to find that the injury arose not only in the course of but also out of the employment.

The superior court did not err in affirming the award of the Workmen's Compensation Board.

*Judgment affirmed. Townsend, P. J., Carlisle and Jordan, JJ., concur.*