### 45610. ELECTRIC MUTUAL LIABILITY INSURANCE COMPANY et al. v. GRYNKEWICH.

DEEN, Judge. 1. "An agreement that the employment relationship shall continue during the period the employee is going to and returning from work may be inferred from the fact that transportation is furnished by the employer as an incident thereof. Kobe v. Industrial Acc. Comm., 35 Cal. 2d 33 (215 P2d 736). "Where transportation is furnished as an incident of the employment, the accident incurred during such transportation is compensable. 99 CJS 834, Workmen's Compensation, § 235. If there is a causal connection between the nature of the employment and the travel because the business of the master creates the necessity therefor, the injury is compensable. Taylor v. Meeks, 191 Tenn. 695 (236 SW2d 969) . . . The question [is] whether the furnishing of the transportation is a benefit to the employer and an incident of the employment contract." *American Hdw. Mut. Ins. Co. v. Burt,* 103 Ga. App. 811, 815 (120 SE2d 797).

The employee whose death is the subject of this workmen's compensation claim died when the automobile which he was driving left the road and hit a telephone pole. His supervisor, in answer to the question, "As part of his contract of employment with GE was he furnished an automobile?" replied in the affirmative, and also testified that the deceased was a field service representative, was subject to call at any time by customers in emergencies and was in fact so called, and that as regular company policy he was provided with a company automobile for business and personal use, maintenance of which

was provided by the company as well as reimbursement of gasoline and oil during business trips. The award of death benefits to the claimant's widow was authorized by the evidence as against the contention that this case comes within the general rule that accidents sustained going to or coming from work do not arise out of and in the course of employment.

2. There is some testimony that the claimant sustained a blow on the head, and the fact that the hearing officer ascribed this to the wrong witness does not invalidate the award. As to whether the heart attack, which was prima facie the cause of death because so shown on the death certificate, caused the car to run off the road and collide with the pole, or whether the collision caused the heart attack, there is expert opinion testimony which the hearing officer could properly consider inclining to the latter view. As to slight discrepancies in the hypothetical questions put to certain physicians, see *Farr v. U. S. Fidel. &c. Co.,* 97 Ga. App. 607 (103 SE2d 623). This case thus resembles *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (129 SE2d 408) where the insured might have died of asphyxia following a fall, or fallen because of the asphyxia, the evidence being circumstantial in either event. As stated in the second headnote: "There must be more than a 'scintilla' of circumstances to carry the case to the jury. It is for the court to say whether circumstances reasonably establish the hypothesis relied on by the plaintiff. If the evidence meets this test, it is then for the jury to say, either that the plaintiff has not carried his burden of proof because the evidence equally supports his hypothesis and some other reasonable hypothesis, or that the plaintiff has carried his burden of proof in that the evidence preponderates to his hypothesis as against all other reasonable but less probable hypotheses." There is also evidence of prior mechanical difficulties with the company vehicle. The board on appeal affirmed the award of the deputy director, and we cannot say that there was no evidence to support it.

3. The employer's supervisor had notice of the accident and death on the date of the occurrence. It is true, as stated in *Royal Indem. Co. v. Coulter,* 213 Ga. 277 (98 SE2d 899) that mere notice that the employee is hurt with nothing to indicate that his

injury arose out of and in the course of his employment, is insufficient. In that case the board denied compensation in the face of conflicting testimony under which it was authorized to find that the only person reporting the injury to the employer also stated it did not occur on the job. "The required notice need not be given with a view to claiming compensation, and is sufficient if it puts the employer on notice of the injury so that it may make an investigation if it sees fit to do so." *Bryant v. J. C. Distributors, Inc.,* 108 Ga. App. 401, 403 (133 SE2d 109) and cit. The supervisor of the employee was aware of the circumstances of the accident and ensuing death, and the company knew that the deceased had just returned from a trip on company business, had gone to the office, and then departed in the company car with his briefcase containing company material on a direct route from the office to his home. No further notice was necessary.

The judge of the superior court did not err in affirming the award of the board which affirmed that of the deputy director.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

SUBMITTED SEPTEMBER 17, 1970—DECIDED OCTOBER 15, 1970—
REHEARING DENIED NOVEMBER 6, 1970—

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White, Malcolm H. Ringel,* for appellants.
*Frank P. Lappas,* for appellee.