26301. ELECTRIC MUTUAL LIABILITY INSURANCE COMPANY et al. v. GRYNKEWICH.

PER CURIAM. Upon further consideration after the grant of the writ of certiorari to review the judgment of the Court of Appeals (122 Ga. App. 765 (178 SE2d 732)), we are of the opinion that it was improvidently granted.

*Appeal dismissed. All the Justices concur, except Mobley, P. J., Felton and Hawes, JJ., who dissent.*
ARGUED APRIL 13, 1971—DECIDED MAY 6, 1971—
REHEARING DENIED MAY 20, 1971.

*Williston C. White, William G. Grant,* for appellants.

*Frank P. Lappas,* for appellee.

FELTON, Justice, dissenting. Certiorari was granted in this case on motion for a reconsideration after the original petition was denied. In my opinion the writ was not granted improvidently because it raised questions of public gravity and importance because it raised questions whether the evidence demanded a finding whether the award was authorized under the evidence in the case and whether there were conflicts in the decisions of the Court of Appeals and conflicts between decisions of the Court of Appeals and of this court, which questions alone are of gravity and importance. A dismissal of the certiorari as improvidently granted leaves the bar and the public completely in the dark as to what the issues in this case involve. It is my opinion that when this court grants the writ of certiorari it is duty bound to decide the case on its merits one way or the other unless the opinion of the Court of Appeals shows on its face that without any question of a doubt it is correct and not reasonably subject to the objections raised. The judgment of the Court of Appeals should be reversed for two reasons.

1. The evidence shows without dispute that the employee was on his way from work to his home when the accident occurred. The employer furnished the automobile to the employee for his personal use as well as for business purposes. For permission to use the automobile for personal use *the employee paid the employer.* This fact puts the case in the same class of cases where the employee goes to and from work in his own car or in one rented or borrowed by him from a third party. In cases where a vehicle was furnished to an employee for business purposes and personal purposes this court has held in two cases at least that compensation was not allowable when an accident occurred while the employee was not driving on business for the employer. *U. S.*

*Fidel. &c. Co. v. Skinner,* 188 Ga. 823 (5 SE2d 9) and *American Mut. Liab. Ins. Co. v. Curry,* 187 Ga. 342, 353 (200 SE 150). In these two cases the employee did not pay the employer for personal uses of the vehicle. In *Travelers Ins. Co. v. Ross,* 110 Ga. App. 312 (138 SE2d 474) and *Roper v. American Mut. Ins. Companies,* 69 Ga. App. 726 (26 SE2d 488) the Court of Appeals held that accidents involving employees in vehicles furnished to the employees (and not paid for by the employees for personal use) en route home were not compensable. *American Hardware Mut. Ins. Co. v. Burt,* 103 Ga. App. 811, 815 (120 SE2d 797) involved a situation where the employee was under orders and control of the employer while en route home on the employer's motorcycle. The accident did not occur while the employee was in the course of his employment and the judgment of the Court of Appeals should be reversed.

2. The judgment of the Court of Appeals should also be reversed because the circumstantial evidence, which is the only kind there is as to the cause of death, points indifferently to the conclusions (1) that the heart attack occurred before the employee's car struck the tree and (2) that the heart attack occurred after the car struck the tree. Where circumstantial evidence (uncontradicted) points to two opposing theories it proves nothing and the party having the burden of proof cannot recover. 30 AmJur2d 1121, Evidence, § 1091; 32A CJS 639, 748, Evidence, §§ 1019 (b), 1039. See Court of Appeals cases so holding, cited in my special concurrence in the Court of Appeals, *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 188 (129 SE2d 408). See *Ladson Motor Co. v. Croft,* 212 Ga. 275, 277 (92 SE2d 103) where this court approved the principle above stated, and which did not merely hold that the circumstances "authorized a reasonable inference to the contrary" as the Court of Appeals held in *McCarty.*

The Court of Appeals erred in holding that the record shows that there was some testimony that the employee sustained a blow on the head and that there was expert opinion testimony which the hearing officer could decide was sufficient to authorize the finding that the collision caused the heart attack. The claimant wife testified that she saw an indentation on her husband's right forehead after his death—not that he received a blow. A hypothet-

ical question to Dr. Carter by the claimant's attorney included the unproved facts that the employee's forehead contained a "bruise," and that the employee was having angina before the collision. The expert evidence by Dr. Carter was that it was equally as probable that the employee sustained his heart attack prior to the collision as it was that the heart attack occurred subsequently to the collision. Another hypothetical question, to Dr. Cooper, included a fact not proved, to wit, that the deceased had a trauma to his chest. Dr. Cooper testified that assuming that the employee sustained a "sufficient" trauma to his chest from the collision to cause a contusion of the heart such trauma could have produced death. Without enough facts to base his hypothetical answer on, Dr. Cooper's conclusion was pure speculation.