### 53322. DAVIS v. HOUSTON GENERAL INSURANCE COMPANY et al.

MARSHALL, Judge.

This appeal arises out of an award denying compensation to a claimant for workmen's compensation. Appellant Mrs. Davis, claimant below enumerates as error the denial of compensation as affirmed by the Georgia Board of Workmen's Compensation and the superior court.

As relevant to these proceedings, the facts show that Mrs. Davis was employed as a nurse's aide at the Shoreham Convalescent Center, Inc. She had been so employed for about four or five months. On December 18, 1974, after completing her normal day's work, Mrs. Davis was putting on her outer coat preparatory to going home. Apparently she had placed her right arm in the coat and reached behind to place her left arm into the coat sleeve. At that time she felt a "pop." She reported this incident to her supervisor, but experienced no immediate pain, discomfort or other physical limitation. Several weeks later Mrs. Davis experienced a second episode involving the lifting of a patient, but that episode is not a part of this litigation. Following the second episode, Mrs. Davis was required to undergo two back operations and apparently is unable to perform her duties as before. In her own testimony, Mrs. Davis admitted that she had never experienced any back pain or limitation nor had she ever experienced any back trouble of any kind prior to the

"pop" which occurred on December 18, 1974. On the basis of this evidence, the administrative law judge concluded that Mrs. Davis was injured in the course of her employment but that the injury did not arise out of her employment. Mrs. Davis enumerates as error this conclusion. *Held:*

The appellees, insurer and employer, admit that the injury occurred in the course of employment but continue to deny that the injury arose out of employment. The terms "in the course of" and "out of" are not synonymous. Both must occur to render the case a compensable one. *Maryland Cas. Co. v. Peek,* 36 Ga. App. 557, 559 (137 SE 121). The words "arising out of" mean that there must be some causal connection between the conditions under which the employee worked and the injury which she received. The causative danger must be incidental to the character of the employment, and not independent of the relation of master and servant. The accident must be one resulting from a risk reasonably incident to the employment. *Thornton v. Hartford Acc. &c. Co.,* 198 Ga. 786, 792 (32 SE2d 816).

An accident "arises out of" employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work, and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment. But it excludes an injury which can not fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work. It must be incidental to the character of the business, and not independent of the relation of master and servant. *Fried v. U. S. F. &c. Co.,* 192 Ga. 492, 495 (15 SE2d 704).

In this case the administrative law judge, acting as the "reasonable person" heard testimony that for four or five months Mrs. Davis had worked as a hospital aide

without any difficulty. She had never had any back trouble. On the day of the alleged injury she was engaged in an effort (putting on her coat) which logically was a hazard to which she was equally exposed apart from her employment. There was absolutely no evidence that the "pop" which occurred while putting on her outer coat was related in any way to or caused by the peculiar nature of her duties. In the absence of any evidence showing a connection between the strain of reaching behind to pull on a coat and the duties of a nurse's aide or that the duties of a nurse's aide were incidental to or the probable causation of the "pop," it was not unreasonable for the "rational mind" of the administrative law judge, upon a consideration of all the evidence, to fail to find a causal connection between the conditions under which the work was required to be performed and the resulting injury.

A finding of fact by an administrative law judge or the State Board of Workmen's Compensation, when supported by any evidence, is conclusive and binding upon both the superior court and this court. *Speight v. Container Corp.,* 138 Ga. App. 45, 46 (225 SE2d 496). The finding of the administrative law judge in this case is fully supported by the evidence before him. See generally *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408, 410 (224 SE2d 65).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED JANUARY 7, 1977 — DECIDED
FEBRUARY 24, 1977.

*Rich, Bass, Kidd & Witcher, Charles T. Bass, Casper Rich,* for appellant.

*Awtrey, Parker, Risse, Mangerie & Brantley, Donald A. Mangerie, Toby B. Prodgers,* for appellees.