(No. 56803.—

HAROLD BRANCH, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (General Telephone Company, Appellee).

*Opinion filed March 25, 1983.*

Scheele, Serkland & Boyle, Ltd., of Chicago (Deborah H. Collander and James C. Serkland, of counsel), for appellant.

Henry D. Noetzel & Associates, Ltd., of Peoria (Henry D. Noetzel and Steven J. Hohmann, of counsel),

for appellee.

JUSTICE CLARK delivered the opinion of the court:

On December 28, 1978, petitioner, Harold Branch, who was 44 years of age, was employed by respondent, General Telephone Company. On this date he unlocked and pulled open his employer's heavy metal door and removed his coat. He testified at the arbitration hearing on November 28, 1979, that a "hot poker" type pain hit him as he removed his coat. He also testified that he had a sharp pain which took his breath away as he opened the door, but he never had any pain like that when he removed his coat.

In a deposition filed in the arbitration proceeding, Dr. Limcaco, the treating physician, related the history given to him by petitioner as to the events of December 28, 1978. He indicated that petitioner told him that, "while taking his coat off after arriving at work, he [the petitioner] suddenly felt a hot poker in his back."

The arbitrator found that on the date of injury the relationship of employee and employer existed between the petitioner and respondent; that on that date the petitioner sustained accidental injuries arising out of and in the course of his employment; and that notice of said accident was given to the respondent within the time required under the provisions of the Workmen's Compensation Act. He awarded the sum of $175.53 per week for a period of 36 weeks for temporary total disability and $175.53 per week for a further period of 166⅔ weeks for the partial disability of petitioner to the extent of 33⅓% thereof.

On review, a statement from petitioner's examining physician, Dr. Menguy, quoted the petitioner as relating on March 7, 1980, that he had injured his back at work on December 28, 1978, and later, while removing his coat, his back became worse.

The Industrial Commission reversed the arbitrator's

decision, finding that the petitioner had failed to prove that he sustained accidental injuries arising out of and in the course of his employment and the circuit court of Edgar County confirmed the Commission's decision. Petitioner brings this appeal pursuant to Supreme Court Rule 302(a) (73 Ill. 2d R. 302(a)).

The issue on appeal is whether the decision of the Industrial Commission is against the manifest weight of the evidence.

Both petitioner and respondent agree that the decision of the Industrial Commission is unclear as to the true basis of its decision. The Industrial Commission decision never specified whether the petitioner failed to prove he sustained an accidental injury, or whether he had proved that an accidental injury had occurred but failed to prove that the accidental injury arose out of his employment or in the course of his employment, or both.

The petitioner argues that he clearly sustained an accidental injury and, therefore, the Industrial Commission's contrary decision is against the manifest weight of the evidence. We disagree. The employee testified on arbitration that he felt a sharp pain in his lower back when he opened a door at work. However, in the written report of Dr. Limcaco, the treating physician, is the history "while taking his coat off after arriving at work, he suddenly felt a 'hot poker' in his back." The report is silent as to any other onset. In his deposition, Dr. Limcaco made a similar statement, and on cross-examination the doctor testified that there was nothing in his report regarding any incident of twisting or opening the door.

It is a function of the Industrial Commission to judge the credibility of the witnesses. *Watts v. Industrial Com.* (1979), 77 Ill. 2d 30.

Here the Industrial Commission considered the testimony not only of the petitioner, but also the seemingly contradictory evidence of his treating physician, and de-

cided the merits in favor of the respondent. *Deere & Co. v. Industrial Com.* (1970), 47 Ill. 2d 144.

The matter before us is not unlike the case of *Greater Peoria Mass Transit District v. Industrial Com.* (1980), 81 Ill. 2d 38, where the petitioner suffered a dislocation of her shoulder when she bent over to pick up transfer schedules and lost her balance. This court noted that in order for the injury to be compensable there must be a showing that the cause is connected to the employment or incidental to it and that more is required than the fact of an occurrence at the employer's place of work. 81 Ill. 2d 38, 42-43.

In the case at bar, the evidence showed the employee suffered a hot-poker pain when he was in the process of removing his coat, an act that he would have performed no matter where he might be when he came in from the outside or upon returning home at the end of the day. The petitioner has only shown that this occurrence took place at respondent's place of work, not that the cause of the injury is connected to his employment.

The decision of the Industrial Commission is also supported by the case of *Davis v. Houston General Insurance Co.* (1977), 141 Ga. App. 385, 233 S.E.2d 479. In that case the claimant was a nurse's aide. She sustained a back injury while she was putting on her coat before leaving the employer's premises. There, the court upheld a finding by the administrative law judge that the claimant's injury did not arise out of her employment, noting an absence of any evidence that the injury was related to or in any way caused by the peculiar nature of her duties.

The petitioner's arguments concerning the "personal comfort doctrine" and his cited cases have all been adequately distinguished from the facts in this case in the respondent's brief. Because they do not apply, we need not discuss them here.

There is sufficient evidence to support the decision of the Industrial Commission that the petitioner failed to prove he sustained an accidental injury arising out of and in the course of his employment and, therefore, the Commission's decision was not against the manifest weight of the evidence. The judgment of the circuit court of Edgar County is affirmed.

*Judgment affirmed.*