## 66141. K-MART CORPORATION v. ANDERSON.

DEEN, Presiding Judge.

Appellee was injured on May 15, 1979, while working for K-Mart, but she missed only two days of work (in July 1979). On February 7, 1980, she became unable to work because of injury. K-Mart, considering that a change of condition relative to the May

1979 injury had occurred, paid workers' compensation to appellee. Appellee maintained that she had suffered a new injury on February 2, 1980, while operating a fork lift, and that she had duly reported the injury to a supervisor. Appellee returned to work on May 29, 1980, and continued to work until around July 15, 1980, at which time she was hospitalized; her employment eventually was terminated by K-Mart because of her failure to call in for three consecutive days to explain her absence.

After her injury sustained on February 7, 1980, appellee sought treatment from all three physicians on the panel maintained by K-Mart. On July 15, 1980, without first requesting a change of physician with either K-Mart or the Board of Workers' Compensation, appellee sought treatment from her personal physician, Dr. Needham Bateman, who subsequently recommended the hospitalization. At the administrative hearing, appellee explained her reason for seeking this other medical treatment: "I went out on my own and I told him [the personnel manager] I did that because the company doctors and in previous talks with him, that he would not send me to a doctor to take care of me and I wasn't getting any results from those doctors who were tossing me back and forth, so I took it on my own to to go to my own private physician." From this unauthorized medical treatment, appellee amassed medical bills totaling $1,933.

On March 6, 1981, the administrative law judge found that appellee had suffered a new injury on February 7, 1980, and that she had properly notified the employer of such. Further, in ruling that K-Mart was responsible for the appellee's medical expenses incurred on July 15, 1980, and thereafter, the administrative law judge stated that "employer will not be allowed to terminate claimant then contest claimant's right to weekly indemnity benefits and at the same time, contend the medical is unauthorized. Additionally, I conclude and find as fact, Dr. Needham B. Bateman is a suitable and qualified physician to be designated as claimant's treating physician." The Board adopted this award, and the superior court eventually affirmed it.

On appeal, K-Mart primarily contends that the superior court erred in upholding the Board's award for the appellee's unauthorized medical expenses incurred on or after July 15, 1980. K-Mart also asserts that the award order incorrectly requires it to pay appellee compensation for the period from May 29, 1980, to July 15, 1980, when appellee was working. Lastly, it contends that the Board and the superior court erred in concluding that appellee had suffered a new injury on February 2, 1980, and that she had duly reported the injury to her employer. *Held:*

1. OCGA § 34-9-201(c) (Code Ann. § 114-504) provides, in pertinent part, that "an employee may accept the services of a physician selected by the employer from the panel or may select another physician from the panel. If, due to an emergency or similarly justifiable reason, an inability to make a selection results, the selection requirements of this subsection shall not apply as long as such inability persists . . . The employer shall not be responsible for the charges for medical services furnished or ordered by any physician or other person selected by the employee in disregard of this subsection." We agree with appellant that the appellee was not justified in seeking other medical treatment in the manner she did, and thus appellant is not responsible for the charges for those medical services.

In a workers' compensation case, the reviewing court must affirm the Board's finding where there is any evidence to support that finding. *Mansfield Enterprises v. Warren,* 154 Ga. App. 863 (270 SE2d 72) (1980); *Jackson v. Armstrong,* 149 Ga. App. 617 (257 SE2d 46) (1979). Review of the record, however, discloses no evidence to support any finding that would excuse the appellee from adhering to the statutory provision of OCGA § 34-9-201(c) (Code Ann. § 114-504).

Appellee's hospitalization on July 15, 1980 was not a medical emergency, and her expressed reason for seeking the services of her personal physician certainly could not be considered a "similarly justifiable reason" under the statute. *Anderson v. General Motors Corp.,* 118 Ga. App. 4 (162 SE2d 464) (1968). The administrative law judge's rationalization that "employer will not be allowed to terminate claimant . . . and at the same time, contend the medical is unauthorized" does not relate to any inability of the claimant to make a selection at the time other medical services were sought.

Appellee's seeking other medical services in this case was precisely one type of action for which the statute absolves the employer of liability for cost of treatment. Appellee could and should have petitioned the Board for a change of physician. OCGA § 34-9-201(d) (Code Ann. § 114-504). No evidence of any emergency or similarly justifiable reason having been presented, the superior court should have reversed the Board's award for the expenses incurred for the unauthorized medical services.

2. Appellant next contends that the award, in directing it to pay income benefits commencing February 7, 1980, subjects it to double liability for the period from May 29, 1980, to July 15, 1980, during which time the appellee had returned to work. OCGA § 34-9-243 (Code Ann. § 114-415) provides that "the payment of any weekly benefit made during an employee's disability or to any dependent,

which payment was made when not due, shall be credited against any payments of weekly benefits due by either reducing the period for which compensation is due or by reducing the amount of the weekly benefit or both." It is proper for the Board to give credit for wages paid to the claimant during the period of disability. *Liberty Mutual Ins. Co. v. Thomas,* 145 Ga. App. 303 (243 SE2d 694) (1978). The award here, however, directs that "credit is allowed for income benefits already paid." That directive includes any wages paid to the appellee from May 29, 1980, to July 15, 1980.

3. There was sufficient evidence to support the Board's finding that the appellee suffered a new injury on February 7, 1980, and that she duly reported the injury to the employer. Appellant's enumeration regarding that matter is thus without merit.

*Judgment reversed in part; affirmed in part. Banke and Carley, JJ., concur.*

DECIDED APRIL 27, 1983.

*Robert L. Kiser,* for appellant.
*Jack Dorsey,* for appellee.