67411, 67412. MOON v. COOK & COMPANY et al.; and vice versa.

QUILLIAN, Presiding Judge.

After the grant of discretionary review, the main appeal (67411) in this case was taken by the claimant from the judgment of the Superior Court which affirmed the award of benefits and medical expenses to the claimant but set aside the Full Board's award of attorney fees, costs and penalties. The employer/insurer brings cross-appeal (67412) from that portion of the judgment affirming the award of workers' compensation benefits.

The factual background is as follows. On January 21, 1980, the claimant Moon, working at his job for his employer, Cook and Company, injured his back while lifting "spools" which weighed from 20 to 45 pounds. He missed about 5 days, not enough to begin receiving wage benefits and then returned to work. The insurer, Bituminous Casualty Corporation, paid claimant's medical expenses for this injury. Subsequently in September 1980, according to the claimant he again injured his back at work while working with the "spools." The claimant's supervisors testified that he was not injured on the job but told them he hurt his back lifting a boat. The exact date of the September 1980 incident was not clearly established, nor was the time the employer was notified of the injury but there was testimony that notice was given on the day of the injury. The claimant at first referred to the time of injury as September 30, 1980, but later admitted he did not remember exactly when he was injured. A doctor who treated the claimant stated claimant came to his office on September 22, 1980 complaining of pain in his back and legs. At that time there was no mention made of a September injury, the doctor's notes revealing only that claimant had intermittent pain after his January injury and "three weeks ago he had a re-onset of severe pain in his back and for the first time a great deal of leg pain in the right leg." According to the records, the defendant was hospitalized beginning September 29, 1980 through October 1, 1980, when a myelogram was performed.

Apparently the defendant returned to work after one week's absence and remained until April 14, 1981. At that time, according to his testimony, the continued and increasing pain he was suffering be-

came too much for him and he was forced to discontinue work. According to witnesses for the employer the claimant stated he was unable to get along with his foreman and quit work for that reason.

In any case, a claim was filed in July of 1981 seeking benefits from April 15, 1981 when the claimant alleged he was injured and suffered permanent and total disability. Employer's notice to controvert (WC3) was filed on August 21, 1981.

The principal issue involving the imposition of attorney fees and penalties concerns whether there was a timely filing of a notice to controvert.

The ALJ's award did not find an injury on April 14 or 15, 1981. Instead the award recited that in September 1980 "exact date unknown" the claimant injured his back at work; that he was disabled for seven days and then returned to work; that he gave notice of the injury to his employer the date it occurred.

The ALJ further found that "claimant continued to work until April 15, 1981 when he could no longer perform his duties due to his back injury in September 1980." It was also found that claimant was totally disabled from April 16, 1981, forward and the disability was a result of his work related back injury of September 1980.

As to attorney fees and costs, the ALJ found that the "proceeding was defended on reasonable grounds." However, no showing was made as to any excuse why the employer failed to comply with OCGA § 34-9-221 (d) (then Code Ann. § 114-705 (d)) requiring that "on or before the twenty-first day after the alleged injury" the employer file with the Board a notice that the right of compensation is controverted. It was found that the evidence and the lack thereof demanded a finding that non-compliance was "without reasonable grounds." The ALJ noted that while assessment of attorney fees was discretionary, not to do so would be an abuse of discretion since the evidence demanded a finding to assess.

The Full Board adopted the ALJ's findings of fact and conclusions of law and in addition found "assuming a notice to controvert was timely filed on the September 1980 injury, the employer/insurer were still required under Code § 114-705 (a) to timely file appropriate forms. Claimant is not required to give a second notice of the September 1980 injury to the effect that it has become disabling. *Mason, Inc. v. Gregory*, 161 Ga. App. 125 (1982)."

On appeal to the superior court the trial judge affirmed the award of compensation but set aside the award of attorney fees, etc. based on his determination that the employer did comply with OCGA § 34-9-221 (d). He found the date of the initial accident was September 29, 1980, and a notice to controvert was filed on October 10, 1980. He also found upon the employer receiving notice of the claim filed July 1981 the second notice to controvert filed on August 21, 1980 was within

the time limits of our law. *Held*:

1. (a) Our consideration of the question as to timely filing of a notice to controvert is exacerbated by the records below which have been furnished us. The injury on January 21, 1980, was listed under the Social Security number 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. Medical payments were made on this claim. The first notice to controvert was filed, according to witnesses for the employer, in response to the September 1980 notice of injury. It was dated October 10, 1980 and filed with the Board on October 17, 1980. It contained the information: "Soc. Sec. No. — Claim No. 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; Injury Date 1-21-80; Disabililty Date 9-29-80."

On March 20, 1981, a WC4 Form was filed, listed as "final," which referred to an injury date of 1-21-80, set forth certain payments for medical expenses and then stated: "*Claim Denied — Notice of. Controvert Filed 10-10-80."

The claim involving the September 1980 injury and the April 1981 disability is given a date of 9/22/80 and listed under Social Security Number 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. The second notice to controvert refers to "Soc. Sec. No. — Claim No. 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" and "Injury Date 4-15-81."

While we are not influenced by the fact that two different social security numbers appear on the various documents (possibly because of typographical error or inadvertence), we are persuaded by the more substantive facts: 1) that the 1-21-80 date of injury appears on the first notice to controvert; 2) that the document purporting to finalize the claim of that date refers to the notice to controvert of 10-10-80 which is the date of the first notice to controvert. Therefore, there is evidence from which the Board could have found that the first notice to controvert related to the injury of 1-21-80 and any disability resulting therefrom: thus, that no notice to controvert was filed addressing an injury which occurred in September 1980. Furthermore because the notice to controvert was not filed until 10-17-80, if the injury occurred and notice occurred more than 21 days before such date, then it was not timely even if addressed to such particular injury. As was held in *Travelers Ins. Co. v. Hall*, 128 Ga. App. 71, 72 (1) (195 SE2d 679) the controlling date is not when the instrument is dated but when it was received and filed by the Board. Since there was evidence indicating the second injury was received on or before September 22, 1980, and notice to the employer was given on the day of injury, this would render the October 17, 1980 filing of the notice to controvert untimely.

(b) "Neither the superior court nor the Court of Appeals has any authority to substitute itself as the fact finding body in lieu of the Board." *Atkinson v. Home Indemnity Co.*, 141 Ga. App. 687 (234 SE2d 359). "[O]n an appeal from a decision of the State Board of Workmen's Compensation to the superior court, the judge thereof is

not vested with any fact-finding power." *Pacific Employers Ins. Co. v. West*, 213 Ga. 296, 298 (99 SE2d 89) This court and the trial court are bound by the findings of the Board supported by any evidence. *Jackson v. Armstrong*, 149 Ga. App. 617 (257 SE2d 46); *Calhoun v. Mergentine/KVN & Horn Fruin-Colnon*, 165 Ga. App. 610 (302 SE2d 401). Since there was some evidence to authorize the imposition of attorney fees because there was a failure to comply with OCGA § 34-9-221 (d) "without reasonable grounds," it was error for the trial court to reverse the Board on that basis.

However, movant correctly urges that there was no showing as to the "reasonable value" of such services as required by *Liberty Mutual Ins. Co. v. Kirkland*, 156 Ga. App. 576 (275 SE2d 152) and *Sunbelt Airlines v. Hunt*, 158 Ga. App. 429 (280 SE2d 435).

Therefore, the judgment is reversed with direction that the case be remanded to the Board for the purpose of entering an assessment of attorney fees upon proper proof.

2. For the same reason previously stated, there is no basis to reverse the Board's findings as to a work-related injury (67412).

*Judgment reversed with direction in 67411 and affirmed in 67412. Sognier and Pope, JJ., concur.*

DECIDED MARCH 29, 1984.

*Rudolph J. Chambless, C. Edwin Rozier*, for appellant.
*J. Harvey Davis*, for appellees.