CHRISTINE MARIE THOMPSON, Appellant, *v.* THE INDUSTRIAL COMMISSION *et al.* (Caterpillar Tractor Company, Appellee).

Third District (Industrial Commission Division)   No. 3—84—0129WC

Opinion filed June 8, 1984.

Matthew C. Mays, of Knuppel, Grosboll, Becker & Tice, of Petersburg, for appellant.

Forrest D. Serblin, of Peoria, for appellee.

JUSTICE WEBBER delivered the opinion of the court:

Petitioner, Christine Thompson, filed an application for adjustment of claim seeking workers' compensation benefits and naming her employer, Caterpillar Tractor Company, as respondent. She alleged that she suffered a back injury while in the course of her employment. An arbitrator found that Thompson had failed to prove that she sustained accidental injuries arising out of and in the course of her employment and denied her claim for compensation.

Thompson then sought review before the Industrial Commission. In its decision of November 24, 1982, the Commission adopted the arbitrator's findings since no evidence was presented on review and because the Commission found no reason to disturb the original findings. The circuit court confirmed the decision of the Commission. Thompson now appeals, claiming that the Commission's decision was contrary to the manifest weight of the evidence. We affirm.

At the arbitration hearing Thompson testified that on March 15, 1980, while working in the maintenance department of Caterpillar, she slipped on some oil and twisted her back. She did not fall as she

was able to catch herself on a rail. Following this alleged incident, she returned to her job and performed her regular duties, which included shoveling and heavy lifting. She testified that she reported this incident to her foreman two days later. She could not recall his response.

Thompson continued with her regular work duties for the next three weeks and did not seek medical attention. She first sought medical attention on April 10, 1980, when she saw Dr. Burch, a chiropractor. Dr. Burch prepared a case history in which he included Thompson's fall from a swing some five years earlier as well as a history of foot and neck pains off and on for the past five years. No mention was made of a work-related accident, although Thompson testified that she reported this to Dr. Burch.

On April 18, 1980, she reported to the Caterpillar first-aid office complaining of back pains and reporting the March 15 incident. She was referred to a company doctor, who subsequently sent her to a Peoria hospital. On May 2, 1980, Dr. Henderson, a neurosurgeon, performed a lumbar laminectomy on Thompson. She was discharged from the hospital on May 10, 1980, and released for work in September 1980.

Thompson's foreman also testified at the arbitration hearing. He stated that she did not complain to him about any work-related problems. He testified that he could not recall any report concerning the alleged March 15, 1980, incident.

Thompson's credibility was seriously undermined by an incident regarding a letter from Dr. Burch. She called him sometime in April 1981 and asked him to correct his records to show that she had consulted him about her work injury when she first saw him on April 10, 1980. She also obtained from him a letter dated April 6, 1980, referring to the injury of March 1980. The deception is apparent—a letter dated four days prior to the initial consultation. Burch's deposition taken in August 1981 was introduced into evidence. In it he stated that the correct date of the letter should be April 6, 1981, not April 6, 1980. He also stated that his office records and history made during the course of treatment in April 1980 made no reference to a work injury.

In order to recover under the Workers' Compensation Act, an employee must prove by a preponderance of the evidence that his injury arose out of and in the course of his employment. In determining whether or not an employee has met this burden, it is the function of the Industrial Commission to resolve disputed questions of fact and weigh the credibility of the witnesses. (*Branch v. Industrial Com.* (1983), 95 Ill. 2d 268, 447 N.E.2d 828.) The Commission's decision will

not be reversed on review unless it is against the manifest weight of the evidence.

In the present case, Thompson's testimony regarding her alleged March 15, 1980, accident was contradicted by the testimony of her foreman and Dr. Burch. Although she claims to have reported her accident to both men, neither of them could recall any such report. It was entirely within the Commission's discretion to disbelieve Thompson's testimony in this regard. Likewise, evidence that a claimant did not seek immediate medical attention or express difficulty performing work duties following an alleged work accident may be considered by the Commission in determining the merits of a claim. *Myszkowski v. Industrial Com.* (1977), 68 Ill. 2d 205, 369 N.E.2d 827.

Along with her failure to report the accident promptly, Thompson's later attempt to have Dr. Burch add the accident's occurrence to her case history casts doubt upon the veracity of her entire testimony. Thompson's lack of credibility, the inconsistencies in the testimony, and the lack of corroborative evidence involved here were certainly sufficient to support the decision of the Commission.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SEIDENFELD, P.J., and McNAMARA, BARRY and KASSERMAN, JJ., concur.