69406. HODGES v. WILLIAM L. SLOAN, INC.
(326 SE2d 556)

SOGNIER, Judge.

Cornell Hodges sought workers' compensation benefits for an injury to his left eye allegedly caused by exposure of the eye's optic nerve to the light of a welding torch while Hodges was employed by William L. Sloan, Inc. The administrative law judge's denial of Hodges' claim was reversed by the State Board of Workers' Compensation upon de novo review of the record. The Superior Court of Bibb County reversed the Board. We granted Hodges' application for discretionary review.

Appellant contends the superior court erred by finding there was not sufficient evidence in the record to support the award of the Board. The Board is the trier of fact and law and we are bound by its finding if there is "any evidence" to support that finding. *Diers v. House of Hines*, 168 Ga. App. 282 (308 SE2d 611) (1983). Evidence showed that appellant worked for appellee for four days as a welder's assistant. Although appellant was instructed to look away from the welding light, he was not able to do so all of the time and still properly assist the welder. Appellant worked approximately one and a half days without benefit of a helmet or eye shield of any kind. Appellant experienced problems with his eyes severe enough to render him unable to complete one day's work. Upon reporting to another employer the following day to take a physical for a job he had already lined up, appellant was informed that he was blind in his left eye. Appellant initiated these proceedings shortly afterwards.

It is uncontroverted that appellant's eyes were exposed to the

welding arc and that appellant suffered some injury to his eyes as a result of this exposure, in that he experienced watering, stinging, swelling of his eyes as well as an inability to focus his eyes. One doctor testified that these were symptoms of "flash-burn" and only temporary in nature. However, Dr. Higdon testified that "if a high intensity light of any source was focused on the optic nerve it would cause damage to that nerve," that the welding appellant was exposed to could have caused appellant's optic nerve damage, and that "it is certainly possible that [appellant's injury] was caused by a welding arc." Prior to appellant's employment with appellee, appellant had had no history of eye trouble, having obtained an unrestricted drivers' license six weeks earlier. Appellant's last eye test had been in 1975 and while the test did not utilize medical standards in measuring vision, the test did indicate that appellant's vision was normal in both eyes at that time.

"Questions as to credibility and preponderance address themselves to the trier of facts. [Cits.] On appeal, the appellate tribunal does not determine the credibility of witnesses or the preponderance of the evidence. The appellate tribunal utilizes the 'any evidence' test, a test not available to the trier of facts in deciding disputed factual issues." *Guye v. Home Indem. Co.*, 241 Ga. 213, 215 (244 SE2d 864) (1978). This court and the trial court are bound by the findings of the Board supported by any evidence. *Moon v. Cook & Co.*, 170 Ga. App. 569, 572 (317 SE2d 642) (1984). Since there was evidence to support the award here, the superior court was without authority to reverse it. *Parker v. American Carpet Mills*, 168 Ga. App. 171, 172 (308 SE2d 409) (1983).

*Judgment reversed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED JANUARY 28, 1985.

*Lester Z. Dozier, Jr.,* for appellant.
*David B. Higdon, Mary Katz,* for appellee.