70371. FIRESTONE TIRE & RUBBER COMPANY et al.
v. CRAWFORD.
(339 SE2d 292)

CARLEY, Judge.

Appellee was employed by appellant Firestone Tire & Rubber Company (Firestone) as a tire inspector. On December 2, 1982, he injured his back in a work-related accident and, thereafter, began receiving workers' compensation benefits for that injury. On January 12, 1984, appellee was injured while he was en route to an appointment with his doctor. Thereafter, appellant Insurance Company of North America (ICNA) filed notice controverting payment of compensation, asserting that appellee's post-January 12, 1984 condition was not the result of any on-the-job injury. ICNA also gave notice that benefits to appellee would be suspended, asserting that appellee had recovered from his December 2, 1982 accident prior to his being injured on January 12, 1984. The Administrative Law Judge (ALJ) found that the injuries sustained by appellee on January 12, 1984 arose out of and in the course of his employment with Firestone. Appellants were ordered to resume payment of income benefits to appellee and to pay his reasonable medical expenses resulting from injuries incurred on both December 2, 1982 and January 12, 1984. The State Board of Workers' Compensation (Board) adopted the ALJ's finding and conclusions. The superior court affirmed. We granted appellants' application for a discretionary appeal.

1. The Board found that appellee's January 12, 1984 injuries did not result from the wilful act of a third person directed against him for personal reasons. Appellants contend that the superior court erred in affirming this finding.

The injuries of January 12, 1984 occurred when appellee lost control of his car after his windshield was shattered by a bottle thrown from another vehicle. Appellants contend that appellee's testimony that the bottle had been thrown at him for racially motivated reasons demanded a finding that his injuries were wilfully inflicted by third persons for purely personal reasons. Although appellee's testimony did indicate that the bottle had been thrown wilfully, the only evidence that the act was directed against him for personal reasons was speculative. In the absence of any evidence of misconduct on the part of appellee or of prior personal animosity between appellee and the assailant, the Board's finding on this issue was authorized. See *Employers Ins. Co. v. Wright*, 108 Ga. App. 380, 381 (133 SE2d 39) (1963).

2. The Board found that the injuries appellee received on January 12, 1984 arose out of and in the course of his employment. Appellants contend that this finding was also erroneously affirmed by the superior court.

The Workers' Compensation Act, OCGA § 34-9-1 et seq., excludes from compensation "an injury which can not fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work. It must be incidental to the character of the business, and not independent of the relation of master and servant. [Cit.]" *Davis v. Houston Gen. Ins. Co.*, 141 Ga. App. 385, 386 (233 SE2d 479) (1977). The ALJ found that appellee was required by Firestone to consult with his personal physician as a precondition to his return to employment. The ALJ also found that "[t]he employer/insurer had paid the claimant travel expenses in advance sufficient to allow him to travel by car from his home in Albany, Georgia to Savannah, Georgia where Dr. Routon's office is located and to pay for one night's lodging in a motel in Savannah in order that the claimant was adequately rested and could be on time for his 10:00 a.m. appointment with Dr. Routon on January 13." Under the any evidence rule, we are bound by these findings. See generally *Hodges v. William L. Sloan, Inc.*, 173 Ga. App. 358, 359 (326 SE2d 556) (1985).

In *Street v. Douglas County Rd. Dept.*, 160 Ga. App. 559, 560 (287 SE2d 586) (1981), this court held that there was no entitlement to compensation where "[t]he ALJ found that claimant was attending physical therapy treatment sessions during work hours but there is no evidence that claimant was being paid by the employer while attending these sessions. The participation in therapy was *entirely voluntary* on the part of claimant. Where the employee is free to use time for his own individual affairs and an injury occurs during this time, the injury is not compensable as it does not arise out of employment.

[Cit.]" (Emphasis supplied.) It is clear that this court's decision in *Street* is distinguishable from the case at bar. Unlike the claimant in *Street*, appellee's trip to the doctor was not "entirely voluntary." As noted, there is sufficient evidence to support the ALJ's finding that appellee was required by Firestone to consult with his personal physician as a precondition to his return to work. Moreover, the evidence in this case shows that transportation was furnished by the employer, a circumstance contemplated as an exception to the general rule of noncompensability as discussed in *Street v. Douglas County Rd. Dept.*, supra at 560. Thus, *Street* is distinguishable. As to the finding that the injuries arose out of and in the course of employment, we find no error in the superior court's affirmance of appellee's award.

3. Error is enumerated as to the superior court's affirmance of the Board's finding that appellants were not authorized to suspend appellee's workers' compensation benefits based on a change of condition.

The burden of proof was on appellants to justify their unilateral suspension of benefits based upon the assertion that appellee had the ability to return to work. See *Cornell-Young v. Minter*, 168 Ga. App. 325, 328 (1) (309 SE2d 159) (1983); Hiers & Potter, Ga. Workers' Compensation — Law and Practice, § 23-6, p. 226. The contention that appellee was fully recovered on January 2, 1984 was based solely on a physical capacities form completed by appellee's doctor which stated that appellee was released to work as of January 2, 1984 without any restrictions. However, on that form appellee's doctor further stated that this evaluation is "my 'best guess' as I have not formally tested the [patient]." On January 9, 1984, Firestone's panel physician saw appellee, who was continuing to complain of back pain. Because of those complaints, the physician would not release appellee to work until he had been evaluated by his personal physician. Thus, there is some evidence to support the Board's finding that appellee had not fully recovered from his accident of December 1982. Therefore, the trial court did not err in affirming the Board's decision that appellants were not authorized to terminate appellee's benefits based on a change of condition. See *K-Mart Corp. v. Anderson*, 166 Ga. App. 421, 424 (3) (304 SE2d 526) (1983).

*Judgment affirmed. Deen, P. J., McMurray, P. J., Benham and Beasley, JJ., concur. Banke, C. J., Birdsong, P. J., Sognier and Pope, JJ., dissent.*

SOGNIER, Judge, dissenting.

I respectfully dissent because I believe this case is controlled by *Street v. Douglas County Rd. Dept.*, 160 Ga. App. 559 (287 SE2d 586) (1981) and cannot be distinguished from *Street* on the grounds set forth by the majority. In *Street*, the employee was denied compensation for injuries incurred while traveling to physical therapy sessions

because this court found that the employee's trip to his doctor was analogous to travel to and from work, and the well-established rule in this state is that injuries incurred while traveling to and from work are not compensable. The facts in the case sub judice follow closely those in *Street*. The majority argues that this case fits the exception of compensability for injuries incurred while traveling to and from work where transportation is provided by the employer. However, under that narrow exception, such injuries are compensable only where the furnishing of transportation is an incident of employment as well as a benefit to the employer. See, e.g., *Electric Mut. &c. Ins. Co. v. Grynkewich*, 122 Ga. App. 765 (1) (178 SE2d 732) (1970); *American Hardware &c. Ins. Co. v. Burt*, 103 Ga. App. 811 (120 SE2d 797) (1961). There is no evidence in this case that Firestone received any benefit by providing appellee's travel expenses. Also, although the majority argues that *Street* is distinguishable because appellee here was not voluntarily visiting his physician, there is no evidence that appellee's appointment was not scheduled on his own time. Nor is there any evidence that appellee was being paid by Firestone for the time required to consult with his doctor. See *Street* at 560. Because none of the exceptions outlined in *Street* is present here, the general rule that injuries incurred en route to or from work are not compensable applies. Accordingly, I would reverse.

I am authorized to state that Chief Judge Banke, Presiding Judge Birdsong and Judge Pope join in this dissent.

DECIDED NOVEMBER 21, 1985 —
REHEARING DENIED DECEMBER 17, 1985 —

*Mark A. Gonnerman*, for appellants.
*Jimmie H. Brown*, for appellee.