## 71514. RANDALL & LEWIS LUMBER COMPANY et al. v. RANDALL.
### (340 SE2d 644)

SOGNIER, Judge.

Randall & Lewis Lumber Company and its insurer, Georgia Casualty & Surety Company, were granted this discretionary appeal from a judgment of the superior court remanding to the State Board of Workers' Compensation (Board) the Board's award against George Randall.

Appellee suffered a work-related injury to his back in 1975 and received workers' compensation benefits for over three years until an administrative law judge (ALJ) authorized the cessation of benefit payments because of a change of condition. (For a more detailed history of this case, see *Ga. Cas. &c. Co. v. Randall*, 162 Ga. App. 532 (292 SE2d 118) (1982)). Thereafter, appellee suffered many injuries to his back, the most recent of which occurred in 1983 when he slipped on some icy steps and fell, landing on his back. Appellee claimed that

his surgery following the 1983 fall resulted from his 1975 work-related injury and was therefore compensable under the Georgia Workers' Compensation Act, OCGA § 34-9-1 et seq. Following a hearing, the ALJ issued his award against appellee, finding that the 1983 accident was an intervening cause necessitating the medical treatment in dispute. The Board affirmed, adopting the ALJ's findings and conclusions as its own. The superior court held that the Board applied an incorrect legal standard of causation and remanded the case to the Board for further findings.

Appellants contend the superior court erred by failing to affirm the Board's award based on the "any evidence" rule. "The Board is the trier of fact and law and we are bound by its finding if there is 'any evidence' to support that finding. [Cit.]" *Hodges v. William L. Sloan, Inc.*, 173 Ga. App. 358 (326 SE2d 556) (1985).

In this case, appellee's doctor testified that in his opinion appellee's surgery following the 1983 fall was causally related to his 1975 work-related injury. However, on cross-examination the doctor acknowledged that other orthopedic experts would diagnose appellee's condition following the 1983 fall as congenital, rather than resulting from an earlier trauma (i.e., the 1975 work-related accident), and would find that the 1983 fall exacerbated or aggravated that pre-existing congenital problem, necessitating medical treatment. This evidence is sufficient under the "any evidence" test to sustain the ALJ's award finding that the 1983 fall was an intervening cause and that appellee had not sustained his burden of proving that his treatment after that fall was related to his 1975 compensable injury. See *Zippy Mart v. Fender*, 170 Ga. App. 617 (317 SE2d 575) (1984). The superior court remanded this case to the Board because it found the Board did not apply a correct standard regarding the causation of appellee's injury as attributable to either the 1975 work-related injury or to a non-compensable injury sustained by appellee in 1971. However, the superior court failed to consider the evidence of appellee's doctor regarding the possible congenital cause of appellee's injury. "This court and the trial court are bound by the findings of the Board supported by any evidence. [Cit.]" *Hodges,* supra at 359. Since there was evidence to support the award here, the superior court was without authority to remand the award to the Board for additional findings. See id.; *Haney v. Pacific Employers Ins. Co.*, 117 Ga. App. 221, 222 (160 SE2d 211) (1968). In light of this holding, we need not address appellants' remaining enumerations of error.

*Judgment reversed. Birdsong, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 4, 1986.

*James T. McDonald, Jr.*, for appellants.
*Ronald W. Hallman*, for appellee.