## 72399. HOLLOWAY v. LO-TEMP, INC. et al.
### (349 SE2d 534)

POPE, Judge.

On October 4, 1983 claimant-appellant Holloway suffered an on-the-job injury to his lower back while he was working as a general laborer for employer-appellee Lo-Temp, Inc. The claim was accepted by Lo-Temp's co-appellee and insurer and he was paid temporary total disability compensation benefits. No panel of physicians was posted; however, the insurer referred claimant to Doctors Stephens, Shure, Satcher and Croft and paid their bills. These doctors released claimant to return to work which he did briefly on October 31, 1983, performing light duties. After working for two hours, claimant quit

due to continued back pain. His benefits were suspended on May 17, 1984. Subsequent to the termination of benefits, and due to continued back pain, claimant saw his family doctor who referred him to Dr. Barnes, an orthopedist.

A hearing was held to determine whether claimant had undergone a change of condition. In pertinent part, the Administrative Law Judge ("ALJ") found as follows: "The claimant has a congenital spinal stenosis which resulted in his disability when aggravated by the injury of October 4, 1983. The claimant is capable of performing only light duty work with no lifting over twenty pounds and very little, if any, stooping or bending. The claimant's duties upon his attempt to return to work included some stooping and bending and was therefore unsuitable." Based upon the foregoing, the ALJ concluded that claimant had undergone no change of condition for the better and an award in his favor was ordered. Appellees appealed to the Full Board which adopted in toto the findings and conclusions of the ALJ, thus affirming the award to claimant. On appeal, however, the award was reversed based upon the superior court's conclusion "that there is no evidence to support the finding of fact that the work duties offered [claimant] by [Lo-Temp] following this accident were unsuitable in light of the medical evidence in the record. The [ALJ] found and his findings were affirmed by the Full Board that some bending and stooping made the job duties unsuitable, whereas the medical evidence indicates only excessive bending and stooping would make these duties unsuitable." Claimant's application for discretionary appeal to this Court was granted.

Claimant contends that the superior court erred by failing to affirm the Full Board's award based upon the "any evidence" rule. "The issue on appeal to the superior court is whether there is any evidence to authorize a finding in accordance with the contentions of the prevailing party before the Full Board. The rule is that the decision of the trier of fact will not be set aside on appeal if there is any evidence to support the finding. The Full Board's findings of fact are not to be set aside because the reviewing court disagrees with the conclusions drawn therefrom. When using the any evidence criteria, the facts are to be construed in a light most favorable to the party prevailing before the board. Reviewing courts do not consider the weight of evidence." (Citations and punctuation omitted.) *Cobb Gen. Hosp. v. Burrell*, 174 Ga. App. 631 (331 SE2d 23) (1985).

With the foregoing standards of appellate review in mind, we turn to the facts of this case. The issue is simply whether or not there is *any* evidence to support the finding of the ALJ and the board that claimant is incapable of doing whatever bending or stooping is required by the lighter duty job offered on October 31, 1983. The job was described as deburring metal pieces using a deburring machine.

While it was established that each piece weighed no more than five pounds, an actual description of the body motions necessary to perform the job was not given; specifically, the distance, if any, claimant would have to bend over or stoop to lift each piece and how often claimant would be required to bend or stoop. We note that no real dispute exists as to claimant's ability to do the lifting of the items (each weighing no more than five pounds). Further, according to claimant's supervisor's testimony, the lighter duty job required some stooping and bending. Claimant's own testimony was that the job involved bending and standing on hard concrete, and it hurt his back to perform the work.

Although this was partially retracted later, Dr. Barnes' "Estimated Functional Capacities" form dated November 27, 1984 indicated that claimant should never do bending. Later, on deposition, the lighter duty job was sketchily described to Dr. Barnes. Then he was asked if, in his opinion, claimant could have performed the job, and Dr. Barnes responded by questioning whether the job involved. excessive stooping or bending. In this regard, Dr. Barnes was later asked the following: "Would [claimant] be able to do that type of work if it involved a certain amount of bending and stooping as long as he was not lifting more than five pounds?" Dr. Barnes answered, "Of course, not saying that your question is nebulous, but a 'certain amount' would have to be defined. I think he would be able to do a certain amount of bending and stooping so long as it was not in excess." Dr. Barnes also testified, "I would be cautious of [bending]. Of course, to send one back to any type of job whether it be pushing a pencil — sometimes we have to bend or stoop, so I think within reasonable limitations you'd like to avoid those things although they can't be avoided completely."

Although appellees presented medical evidence to the contrary, we find sufficient record evidence to support the Full Board's award in claimant's favor. See generally *Randall & Lewis Lumber Co. v. Randall*, 177 Ga. App. 665 (340 SE2d 644) (1986); *Fulton-DeKalb Hosp. Auth. v. Hadley*, 174 Ga. App. 503 (1) (330 SE2d 432) (1985). "Questions as to credibility and preponderance address themselves to the trier of facts. On appeal, the appellate tribunal does not determine the credibility of witnesses or the preponderance of the evidence. The appellate tribunal utilizes the any evidence test, a test not available to the trier of facts in deciding disputed factual issues. This court and the [superior] court are bound by the findings of the Board supported by any evidence. Since there was evidence to support the award here, the superior court was without authority to reverse it." (Citations and punctuation omitted.) *Hodges v. William L. Sloan, Inc.*, 173 Ga. App. 358, 359 (326 SE2d 556) (1985).

*Judgment reversed. McMurray, P. J., and Carley, J., concur.*

DECIDED OCTOBER 10, 1986.

*Steven E. Marcus, Brent Bremer,* for appellant.
*Lyman M. Delk, Jr., Cameron D. Simpson, George L. Pope, Jr.,* for appellees.