### 62396. STREET v. DOUGLAS COUNTY ROAD DEPARTMENT et al.

SOGNIER, Judge.

This is an appeal from an order of the superior court reversing an award of the State Board of Workers' Compensation.

Claimant, Street, injured his back while shoveling coal as an employee of the Douglas County Road Department. He consulted a physician on May 2, 1979 and reported his disability to his employer on this date. After being off work for two weeks, Street returned to work and pursuant to his doctor's recommendation, sought the assistance of a physical therapist. Claimant went to the physical therapist during work hours and there is evidence that his employer knew of and approved of his therapy.

On June 19, 1979 claimant was involved in an automobile collision. The ALJ found that Street had left a physical therapy session and was on his way to work when the collision occurred. The ALJ also found that the symptoms of claimant's prior back injury were exacerbated and that he was totally incapacitated to work after that date.

The ALJ concluded that the injury sustained in the automobile collision on June 19, 1979 was compensable under the Workers' Compensation Act, Code Ann. § 114-102, as "arising out of and in the course of the employment." The superior court, in reversing the award, found that "any injuries sustained at that time [June 19, 1979] did not arise out of and in the course of his employment." The case was remanded to the State Board of Workers' Compensation for a finding as to what compensation, if any, claimant is entitled to solely as a result of the May 2, 1979 injuries. We affirm.

Appellant contends that the trial court erred in reversing the award because the June 19, 1979 injury was compensable under the Workers' Compensation Act and because there was sufficient evidence to support the award. We agree with the trial court that the automobile collision which resulted in injury to claimant was not such an accident that arose "out of and in the course of the employment."

The ALJ found, and we are bound under the any evidence rule to conclude, that Street was on his way to work when the June 19, 1979 accident occurred, and that his employer knew about and approved of the physical therapy sessions. However, injuries sustained by an employee while going to or returning from work are not compensable. The exceptions to this general rule are: (1) if transportation is furnished by the employer; (2) if, although the employee furnishes the transportation, the employer permits or requires acts beneficial to it to be performed en route; (3) if the accident is between the work area and parking facilities provided by the employer; or (4) if the employee is on call and is reimbursed for transportation costs. *Travelers Ins. Co. v. Purcell,* 152 Ga. App. 279 (262 SE2d 566) (1979). None of the above exceptions apply in the instant case.

The ALJ found that claimant was attending physical therapy treatment sessions during work hours but there is no evidence that claimant was being paid by the employer while attending these sessions. The participation in therapy was entirely voluntary on the part of claimant. Where the employee is free to use time for his own individual affairs and an injury occurs during this time, the injury is not compensable as it does not arise out of employment. *Teems v. Aetna Cas. &c. Co.,* 131 Ga. App. 685, 686 (206 SE2d 721) (1974).

The sole compensable injury was the back injury resulting in disability on May 2, 1979. There is ample evidence to support a finding that the injury resulted at least in a disability from May 2, 1979 until May 14, 1979. The trial court was correct in remanding the case to the Workers' Compensation Board for further proceedings regarding the May 2, 1979 injury in view of the incorrect application of law regarding the June 19, 1979 injury.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

Decided November 3, 1981 —
Rehearing denied December 2, 1981 —

*Peter M. Blackford,* for appellant.
*John A. Ferguson, H. Michael Bagley,* for appellees.