### 74454. DALTON JUNIOR COLLEGE v. BRADLEY.
(362 SE2d 137)

SOGNIER, Judge.

Ira Van Bradley sought a hearing before an administrative law judge when his former employer, Dalton Junior College, suspended the workers' compensation benefits he was receiving for a work-related injury incurred in 1978. The ALJ found that Bradley had experienced a change of condition for the better rendering him able to perform his regular work and accordingly approved the suspension of the benefits Bradley was receiving for total inability to work. The State Board of Workers' Compensation made the ALJ's award its own. The Superior Court of Whitfield County reversed the Board and we granted Dalton Junior College's application for discretionary appeal.

Appellant contends there is some evidence in the record showing that appellee experienced a change of condition for the better and therefore the superior court erred by reversing the Board's decision. While we agree with appellant that there is ample evidence showing the present condition of appellee which reflects upon appellee's ability to perform work, the record also reveals the existence of a prior

order entered by an earlier Board which found appellee to be disabled and which awarded him benefits on the basis of evidence that appellee, testifying uncontrovertedly in the current hearing, asserts was identical to the evidence presented by appellant in the case sub judice. It appears affirmatively of record that this information regarding the earlier Board was not before either the ALJ or the current Board and was not considered by them in rendering their decisions.

" 'By "change in condition" is meant a change in the physical condition of the claimant *subsequent* to the entering of the award; and where on a hearing requested by the employer to determine change in condition, it does not appear that the claimant's physical condition has changed for the better since the previous award, the employer cannot prevail even though the previous award erroneously awarded the claimant compensation. [Cit.]' [Cit.]" (Emphasis supplied.) *Aetna Cas. &c. Co. v. Walker*, 113 Ga. App. 883, 885 (150 SE2d 148) (1966). See also *Hartford Acc. & Indem. Co. v. Dutton*, 116 Ga. App. 535 (158 SE2d 272) (1967). We are thus in agreement with the superior court that the Board should have considered the evidence regarding the earlier award in order to have determined whether appellee underwent a change of condition under OCGA § 34-9-104 (a) since the date of the earlier award. However, we disagree with the superior court that this necessarily requires reversing the Board's decision. In the interest of judicial economy, we therefore remand this appeal with direction that the superior court vacate its order so that pursuant to OCGA § 34-9-105 (d), it may instead vacate the Board's order and recommit the controversy to the Board for the sole purpose of considering the evidence in the earlier record and the findings therein, and comparing these with appellee's existing condition so that the presence or absence of a change of condition can be determined. Thereafter, the losing party shall be free, should it wish to do so, to reinstitute the appeals process set forth in OCGA § 34-9-105 (b), bearing in mind any subsequent review by this court must be sought pursuant to OCGA § 5-6-35 (a) (1).

*Case remanded with direction. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 19, 1987.

*Nancy R. Foster, Benjamin H. Terry*, for appellant.
*Don L. Hartman, Robert A. Wharton, Jr.*, for appellee.