A91A1457. TIMES-GEORGIAN et al. v. THOMPSON.
(412 SE2d 871)

POPE, Judge.

This case involves an appeal from a judgment of the Superior Court affirming the award of the Board of Workers' Compensation. An Administrative Law Judge (ALJ) originally denied the claim filed by Shirley A. Thompson against her employer Times-Georgian. The claimant appealed and the board awarded temporary total disability benefits for that period of time the claimant was unable to work, temporary partial disability benefits for that period of time when she obtained other employment and payment of medical expenses.

The claimant did not file a brief within the time allowed by Rule 103 (b) (1) of the Rules and Regulations of the Board of Workers' Compensation. Instead, she filed her brief on the day of the hearing. The employer objected to the untimely filing. Although claimant's brief was stamped filed on the date of the hearing, the board indicated it would not be considered and the words "Filed late not considered" were handwritten on the face of the brief. Nevertheless, that paragraph of the award finding the claimant is entitled to temporary partial disability benefits contains the statement: "In lieu of tempo-

rary partial disability, the parties are authorized to reach an agreement as proposed in employee's brief to the Board." The employer filed a motion for rehearing, arguing that acceptance of claimant's untimely brief deprived the employer of its right to file a response brief because Rule 103 (b) (1) provides that the opposing party may file briefs only within 20 days from the date of the certificate of service of the appellant's brief. In denying the motion for reconsideration, the Chairman of the Board noted the comments written on the face of the brief and concluded: "Accordingly, the brief was not considered by the Board in reaching its decision in the award . . . ." On appeal, the Superior Court found the record contained sufficient evidence to sustain the award and concluded it must accept the statement that the board had not considered claimant's brief because the statement was not shown conclusively to be false. The Superior Court affirmed the award because the board "could have decided that the employee was entitled to benefits without considering the brief, and only used the brief to determine the award."

The employer argues the award shows on its face that the brief was considered and that consideration of claimant's untimely brief without allowing it the opportunity to file a response brief was a denial of its right to due process. We agree with the employer that the reference in the award to claimant's brief overcomes both the presumption that the board properly disregarded the untimely brief and the conclusory statement of the board that it was not considered. This issue is analogous to appeals in which it is argued that the unbroken seal on a deposition transcript shows the trial court did not properly consider all evidence of record in ruling on a motion for summary judgment. "Sealed depositions in the record, in and of themselves, do not ordinarily overcome the presumption that the trial court has considered the entire record, as stated in its order." *Eunice v. Citicorp Homeowners,* 167 Ga. App. 335 (2) (306 SE2d 395) (1983). In this case, the fact that the brief was stamped filed would not be sufficient to overcome the presumption that it was not improperly considered, as stated in the board's denial of the motion for reconsideration. Reference to the brief in the award, however, is conclusive evidence that it was considered. Of course, an untimely brief may be accepted with the board's permission. Rule 103 (b) (1). However, permitting the claimant's untimely brief to be accepted without also permitting the employer to respond to that brief denies the employer its rights under the rules and thus is in excess of the board's power. An act in excess of the board's power may be set aside on appeal. OCGA § 34-9-105 (c) (1).

The issue remains whether the improper consideration of the brief, even though in error, was harmful to the employer. Though the trial court was not convinced that the board "considered" the brief,

and it concluded that the evidence supported the finding that the claimant was entitled to benefits, even the trial court concluded the reference to the claimant's brief showed the board "used the brief to determine the award." An award consists not only of a determination that the claimant is entitled to benefits because she sustained a compensable injury, but also the terms of the benefits which must be paid. The board concluded the claimant was entitled to temporary partial disability benefits, but declared that in lieu of such benefits, the parties could reach a compromise agreement as proposed in claimant's brief. In essence, the board approved as an alternative award the measure of benefits argued in claimant's brief. While the "any evidence rule" constrains us to rule that an award of benefits is sustainable in this case, we cannot say that the employer was not denied its due process right to argue its defense as to the particular terms of the benefits awarded. The fact that the evidence presented supports the award does not require the affirmance of the award if one party's due process rights have been abridged. See *Hart v. Owens-Illinois*, 165 Ga. App. 681 (302 SE2d 701) (1983). In *Hart* the award was reversed and the case remanded for rehearing because the employer was denied the right to present evidence and cross-examine the claimant's witnesses. Here, the employer was permitted to submit evidence in defense of the claimant's claim. However, Rule 103 also grants the employer the right to submit a written brief in response to the arguments contained in claimant's brief. Under the circumstances of this case, we cannot say the denial of this right was harmless. See *Miller v. Brunswick Pulp & Paper Co.*, 184 Ga. App. 172 (360 SE2d 754) (1987).

We reject, however, the employer's argument that the award must be reversed. As noted above, even an untimely brief may be accepted with the board's permission. Since it appears the board in this case accepted the untimely brief, the proper remedy to protect the employer's right to due process is to permit the employer to file a response brief. When it is uncertain from the face of the award whether the board has considered certain evidence, the proper remedy is to remand to the board for further consideration. *West Point Pepperell v. Payne*, 151 Ga. App. 541 (260 SE2d 412) (1979). Likewise, this case is reversed with direction that it be remanded to the board for further consideration after permitting the employer the opportunity to submit its reply brief.

*Judgment reversed with direction. Birdsong, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 18, 1991.

*Swift, Currie, McGhee & Hiers, George L. Pope, Jr., Michael J. Hofrichter*, for appellants.
*Murphy, Murphy & Garner, Stephen E. Garner*, for appellee.