A92A2176. COMBINED INSURANCE COMPANY
et al. v. PEOPLES.
(428 SE2d 391)

JOHNSON, Judge.

Barbara Peoples, an employee of Combined Insurance Company, was injured in a work-related car accident in 1987. She received workers' compensation benefits for those injuries. More than three-and-one-half years after the accident, Peoples scheduled an appointment with her treating physician due to severe headaches which she related to her prior injuries. Peoples acted completely on her own in making this appointment on her own, scheduling it without the knowledge, approval, or direction of either Combined or its workers' compensation insurance carrier, National Union Fire Insurance Company. On the morning of the appointment, Peoples drove from her home in Waycross, Georgia to Jacksonville, Florida. She dropped her boyfriend off at work in Jacksonville at approximately 7:00 a.m., and then proceeded toward the doctor's office, also located in Jacksonville. While en route from her boyfriend's place of employment to the doctor's office, Peoples was severely injured in a one-car accident. She filed a claim seeking workers' compensation for the injuries she sustained in this second accident. The administrative law judge entered an award in favor of Peoples. The State Board of Workers' Compensation adopted the ALJ's award and the superior court affirmed the board's decision. Combined and National appeal, contending that Peoples was not injured within the scope of her employment.

"The purpose of the Workers' Compensation Act is to protect a worker against unexpected personal injuries arising out of, and in the course of, [her] employment. Workers' compensation does not cover accidents sustained by an employee outside the scope of [her] employment. The claimant has the burden of demonstrating that [her] claim falls within the Act's coverage. [She] must prove that the injury for which [she] seeks workers' compensation benefits arose out of, and in the course of, [her] employment. . . ." (Citations and punctuation omitted.) *Universal &c. Ins. Co. v. Ga. Auto. Dealers' &c. Fund*, 182 Ga. App. 595, 596-597 (1) (356 SE2d 686) (1987). The ALJ, the board and the superior court, in seeking to determine whether Peoples' injuries arose within the scope of her employment, relied upon our decisions in *Street v. Douglas County Rd. Dept.*, 160 Ga. App. 559, 560 (287 SE2d 586) (1981), and *Firestone Tire &c. Co. v. Crawford*, 177 Ga. App. 242, 243-244 (2) (339 SE2d 292) (1985).

In *Street*, we held that an employee's injuries, sustained while en route to work from a session of physical therapy for a prior compensable injury, did not arise in the scope of his employment where the employee's participation in the therapy was entirely voluntary. In *Firestone*, we applied the analysis set forth in *Street* in holding that injuries sustained by an employee while on his way to the doctor's office were compensable because we found that the employee's trip to see his doctor was not entirely voluntary. It was required by his employer as a precondition to returning to work.

In the instant case, Peoples' appointment with the doctor for treatment was entirely voluntary. She was not required by Combined or its carrier to consult the doctor as a precondition to returning to work. It is undisputed that Combined did not schedule the appointment, and it is undisputed that Combined was completely unaware that it had been scheduled. Peoples voluntarily and on her own initiative scheduled the appointment and drove to it. Consequently, the injuries sustained by Peoples, en route to the doctor's office for entirely voluntary treatment, did not arise out of, and in the course of, her employment. The superior court erred in affirming the Board's award of workers' compensation.

*Judgment reversed. Pope, C. J., and Carley, P. J., concur.*

DECIDED FEBRUARY 18, 1993 —
RECONSIDERATION DENIED MARCH 2, 1993 —

*Swift, Currie, McGhee & Hiers, Joseph A. Munger, Gregory B. McMenamy, Jr.*, for appellants.
*Chambless & Chambless, Vernon L. Chambless*, for appellee.

*Nelson & Hill, Janet E. Hill, Deborah L. Dance*, amici curiae.