A93A1912, A93A1913. JOHNSON CONTROLS, INC. et al.
v. McNEIL; and vice versa.
(440 SE2d 528)

JOHNSON, Judge.

Johnson Controls and its insurer, American Manufacturers Mu-

tual Insurance, appeal from the superior court's affirmance of an award of the State Board of Workers' Compensation. McNeil files a cross-appeal.

McNeil suffered an on-the-job injury in September 1991 but continued working until he was laid off in October 1991. When McNeil complained to Johnson of headaches and neck pain which he attributed to the accident, Johnson arranged for McNeil to see Dr. Robert Wiedemeyer. Wiedemeyer signed a form indicating that McNeil was to be off work as of October 31, 1991 pending testing. On November 19, 1991, Wiedemeyer signed a form releasing McNeil to return to normal duty work on December 19, 1991. Wiedemeyer prescribed physical therapy for McNeil's neck. Johnson commenced paying benefits on December 13, 1991. On December 18, 1991, while traveling from his home to a physical therapy appointment, McNeil was in an automobile accident in which he suffered a broken kneecap. On December 27, 1991, Johnson notified McNeil that benefits would be suspended effective January 2, 1992, based on Wiedemeyer's opinion that McNeil could return to work beginning December 19, 1991. Johnson also controverted the December 18, 1991 injury. A hearing was conducted in order to determine whether there was a change in condition for the better since the award for the initial accident and whether the December 18, 1991 accident was compensable. The administrative law judge found that the injuries sustained in the automobile accident on December 18 were compensable and that McNeil was entitled to a continuation of benefits on that basis. However, the ALJ also found that it could not be determined from the evidence whether the initial accident continued to be disabling. The ALJ therefore found that McNeil was not entitled to continue receiving benefits for that injury. The appellate division of the state board adopted the ALJ's award, and the superior court affirmed the board's decision. We granted Johnson's application for discretionary appeal.

*Case No. A93A1912*

Johnson contends that the injuries sustained in the automobile accident did not arise out of and in the course of employment. We agree with Johnson and reverse.

"The purpose of the Workers' Compensation Act is to protect a worker against unexpected personal injuries arising out of, and in the course of, [his] employment. Workers' compensation does not cover accidents sustained by an employee outside the scope of [his] employment. The claimant has the burden of demonstrating that [his] claim falls within the Act's coverage. [He] must prove that the injury for which [he] seeks workers' compensation benefits arose out of, and in the course of, [his] employment." (Citations and punctuation omitted.) *Combined Ins. Co. v. Peoples*, 207 Ga. App. 560, 561 (428 SE2d

391) (1993). We note that the issue of whether an injury arises out of and in the course of employment is a mixed question of fact and law. *Lavine v. American Ins. Co.*, 179 Ga. App. 898, 900 (348 SE2d 114) (1986).

In *Combined Ins. Co.*, supra at 561, we held that an employee's injuries sustained while en route to a physician's appointment for treatment of headaches which she related to her prior injuries did not arise out of her employment. Her employer did not schedule or know about the appointment and did not require her to consult the doctor. Thus, we held that the employee's appointment was for voluntary treatment. Similarly, in *Street v. Douglas County Rd. Dept.*, 160 Ga. App. 559 (287 SE2d 586) (1981), we held that an injury sustained by an employee on his way back to work from a physical therapy appointment, even when the employer knew about and approved of the sessions, was not compensable because the sessions were voluntary. We also noted that where an injury occurs when the employee is free to use the time for his own individual affairs, the injury does not arise out of employment. Id. at 560. On the other hand, in *Firestone Tire &c. Co. v. Crawford*, 177 Ga. App. 242, 243-244 (2) (339 SE2d 292) (1985), we held that injuries sustained by an employee while on his way to the doctor's office were compensable because the trip was not entirely voluntary. The employer required the visit as a precondition to returning to work. Furthermore, transportation was furnished by the employer.

Here, Johnson did not require that McNeil undergo physical therapy as a prerequisite to returning to work. Johnson neither set up the appointment nor provided transportation. Moreover, McNeil was not working the day of the accident and was free to use his time for his own affairs. Thus, the trip was voluntary and the injuries sustained by McNeil in the automobile accident did not arise out of and in the course of his employment. The superior court erred in affirming the board's award on this issue.

## Case No. A93A1913

1. McNeil contends that the board improperly placed the burden upon him to establish that no change in condition occurred which authorized the suspension of benefits for injuries incurred in the first accident. Indeed, the burden of proof was on the employer to justify its unilateral suspension of benefits based upon the assertion that the employee had the ability to return to work. *Firestone*, supra at 244 (3); see *State of Ga. v. Graul*, 181 Ga. App. 573, 575 (1) (353 SE2d 70) (1987). "By 'change in condition' is meant a change in the physical condition of the claimant *subsequent* to the entering of the award; and where on a hearing requested by the employer to determine change in condition, it does not appear that the claimant's physical

condition has changed for the better since the previous award, the employer cannot prevail even though the previous award erroneously awarded the claimant compensation." (Citations and punctuation omitted; emphasis in original.) *Dalton Jr. College v. Bradley*, 184 Ga. App. 571, 572 (362 SE2d 137) (1987). In this case, the ALJ found that the award was entered on December 11, 1991. The final medical report was completed by Dr. Wiedemeyer on November 19, 1991, prior to the employer's award of benefits. Wiedemeyer's report does not indicate that any change in condition occurred; it merely contains his conclusion that McNeil will be able to return to work in a month. There is no evidence in the record establishing that McNeil's condition did in fact improve after December 11, 1991.

The ALJ concluded that since it could not be determined from the evidence that McNeil's current disability resulted from the initial accident, he was not entitled to continue receiving income benefits for that injury. This conclusion apparently resulted from the ALJ's improper placement of the burden of proof. If there was insufficient evidence regarding the issue of whether the initial injury continued to be disabling, then the employer failed to meet its burden of proving a change in condition for the better. Since the employer was unable to justify its suspension of benefits, benefits should have continued based on the initial injury.

2. McNeil argues that the board made insufficient findings of fact and conclusions of law on the issue of whether a change in condition occurred following the initial injury. "OCGA § 34-9-102 (f) provides that upon a hearing the administrative law judge shall determine the questions and issues and file the decision with the record of the hearing. . . . The findings of fact must address themselves to the specific facts and material issues raised. The award of the board must state the facts it finds true so that the losing party may intelligently prepare his appeal and the cause may be intelligently reviewed. The findings of fact must be concise but comprehensive as found to be true by the board (or ALJ), upon any material issues of the case." (Citations, punctuation and emphasis omitted.) *Carrollton Coca-Cola &c. Co. v. Brown*, 185 Ga. App. 588, 594 (2) (365 SE2d 143) (1988). Although the award indicates that one of the issues to be decided is whether a change in condition occurred after the initial injury, there is no specific finding on that issue. The only finding in the award which even remotely addresses the issue is the statement that it cannot be determined from the evidence whether an impairment of McNeil's wrist was caused by the September accident; therefore, entitlement to continuing benefits was not established. We hold that the findings of fact are insufficient and incomplete as to whether McNeil experienced a change in condition for the better. Therefore, the judgment of the superior court is reversed with direction that the case be remanded to

the State Board of Workers' Compensation in order that proper findings of fact may be made on that issue. *Hopkins v. Martin,* 185 Ga. App. 752, 753-754 (365 SE2d 544) (1988).

*Judgment in Case No. A93A1912 reversed. Judgment in Case No. A93A1913 reversed with direction. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 1, 1994.

*Swift, Currie, McGhee & Hiers, Robert B. Peery, James B. Finley,* for appellants.

*Phillip M. Eddings,* for appellee.