DECIDED AUGUST 12, 1994 —
RECONSIDERATION DENIED AUGUST 30, 1994 — ▮▮▮▮▮▮▮

*Warren C. Grice*, for appellant.
*John J. Czura, James B. Duncan III*, for appellee.

### A93A0412. WILLIAMS v. AFLAC, INC.
(448 SE2d 500)

BLACKBURN, Judge.

In *Williams v. AFLAC, Inc.*, 209 Ga. App. 841 (434 SE2d 725) (1993), we reversed the trial court's grant of AFLAC, Inc.'s motion for summary judgment in this declaratory judgment action. The Supreme Court granted certiorari and reversed our decision in *AFLAC, Inc. v. Williams*, 264 Ga. 351 (444 SE2d 314) (1994), concluding that the liquidated damages clause in the retainer agreement was unenforceable. Accordingly, our judgment in this case is vacated and the judgment of the Supreme Court is made the judgment of this court.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED AUGUST 30, 1994.

*Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg, Jr., Emily J. Brantley*, for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Thomas S. Carlock, Brian R. Neary, Hatcher, Stubbs, Land, Hollis & Rothschild, Joseph L. Waldrep*, for appellee.

*Champion & Champion, Forrest L. Champion*, amicus curiae.

### A94A1110. WHITE v. NANTUCKET INDUSTRIES et al.
(448 SE2d 278)

POPE, Chief Judge.

Claimant injured her wrist while working for employer and was

subsequently fired for reasons unrelated to the injury. As a result of the work-related wrist injury, claimant was unable to earn her pre-injury wage. She was able to find a job as a sitter for an elderly woman, however, and thus was entitled to temporary partial disability benefits equal to two-thirds of the difference between her pre-injury wage and her wage as a sitter. See OCGA § 34-9-262. Then, in January 1993, claimant fell and broke her leg. Employer asserted that its obligation to pay partial disability benefits ceased at that point, because any disability subsequent to her fall was caused by her fall (which was not covered by workers' compensation) rather than her wrist injury (which was covered by workers' compensation). The administrative law judge and board accepted this assertion, ruling that employer was obligated to pay temporary partial disability benefits only until the time of the fall, and the superior court affirmed. We granted claimant's application for discretionary appeal and now reverse.[1]

Citing *Aden's Minit Market v. Landon*, 202 Ga. App. 219 (413 SE2d 738) (1991) and *Evco Plastics v. Burton*, 200 Ga. App. 121 (407 SE2d 60) (1991), employer argued that claimant bore the burden of proving that her post-fall inability to earn her pre-injury wage was caused by her work-related wrist injury; and the superior court based its affirmance on claimant's failure to meet that burden. However, *Landon* and *Burton* only place this burden on the claimant when the claimant asserts a change in condition (i.e., the claimant is seeking a resumption of benefits after a period in which she was not entitled to them). In this case, it is now undisputed that claimant's disability was caused by her work-related injury up until her fall, so she *was* entitled to disability benefits until then. Thus, it was the employer rather than claimant who sought to show a change of condition, and the employer rather than claimant who bore the burden of proof on causation. See *Johnson Controls v. McNeil*, 211 Ga. App. 783, 785-786 (1) (440 SE2d 528) (1994).

In *McNeil*, we held that where it could not be determined from the evidence whether an initially disabling injury continued to be disabling, the employer had failed to meet its burden of proving a change in condition, and the claimant's disability benefits should have continued. As in *McNeil*, the record here does not show how long the disability caused by the covered wrist injury continued.[2]

---

[1] Although claimant was unable to continue her job as a sitter after her fall, she does not suggest that her disability benefits should have increased from partial to total as a result of that accident; she simply argues that employer's obligation to pay partial disability benefits at the same rate as before the fall continued despite the unrelated injury.

[2] Employer contends claimant admitted at the hearing that her disability after the fall was caused by the fall, but a review of the cited testimony reveals that claimant testified that

Therefore, claimant's temporary partial disability benefits should continue until the date employer can prove claimant is able to earn her pre-injury wage or that her inability to earn such a wage is not caused by her covered wrist injury.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

### DECIDED AUGUST 30, 1994.

*Mundy & Gammage, George E. Mundy, E. Lamar Gammage, Jr.,* for appellant.

*Swift, Van Buskirk & Ellis, David A. Swift, Zirkle & Smith, Eric S. Jones, Perry M. Sartain, Sligh, Presmanes & Jackson, Gregory T. Presmanes, E. Lee Southwell,* for appellees.

---

she could not continue her job as a sitter because of her fall. Since claimant only seeks partial disability benefits based on the difference between her pre-injury wage and what she was making as a sitter, the cause of her loss of her job as a sitter is irrelevant.