## A98A1652. DAN VADEN CHEVROLET v. MANN.

(506 SE2d 653)

JOHNSON, Presiding Judge.

We granted the discretionary appeal in this workers' compensation case to determine whether the burden of proof in an initial claim was improperly shifted to the employer, and whether the superior court erred in failing to accept the State Board's findings of fact.

The claimant, Johnny Mann, worked for Dan Vaden Chevrolet for three to four years, originally as a porter and finally as a vehicle detailer. Before Dan Vaden Chevrolet hired him, Mann had a long-standing history of back problems, including two surgeries. On February 22, 1996, he strained his lower back at work while moving a filing cabinet/safe, but he continued to work until March 5, 1996.

Later in the month, Mann was hospitalized with endocarditis, renal failure, sepsis, anemia, and low back pain. Subsequently, he sought temporary total disability benefits based on the back injury, and following an "all issues" hearing requested by Mann, the ALJ found that he had established a period of temporary total disability from March 6, 1996, until March 27, 1996, but had not sustained his burden of showing a work-related disability after that period. Rather, any further disability was attributable to his various other health problems that were unrelated to the work injury.

The appellate division upheld the ALJ's finding regarding the temporary period of disability, but held that after Mann established the temporary period of disability from March 6, 1996, until March 27, 1996, the burden of proof shifted to the employer to show a change in condition for the better after March 27, 1996. Nevertheless, the appellate division found that the employer satisfied that burden and upheld the denial of the claim for any period after March 27, 1996.

On appeal, the superior court found conflicts in the ALJ's decision, the appellate division's decision, and the evidence of record, and remanded the case to the appellate division to resolve those conflicts. The conflicts primarily consisted of the appellate division's findings concerning the lack of any treatment for Mann's alleged back problem after March 27, 1996, compared to notations in the medical records referencing a back problem after that date. The superior

court adhered to the burden of proof as assigned by the appellate division.

On remand, the appellate division again placed the burden of proof upon the employer to show a change in condition for the better after March 27, 1996, but found the employer met that burden. The appellate division also addressed the conflicts noted by the superior court, observing that certain references to Mann's back problem contained in the medical records were made in the context of investigating the possible source of an infection for which Mann was being treated, and not to diagnose and treat a back problem.

Mann again appealed the matter to the superior court, which held that the evidence, as cited by the appellate division, did not support the finding that the employer met its burden of proving a change in condition for the better. The superior court then remanded the case to the appellate division with direction to make findings of fact and conclusions of law consistent with the evidence of record. This appeal is from the superior court's order to remand.

1. An employee has the initial burden of proving a disabling, work-related injury entitling him to workers' compensation benefits. *Dasher v. City of Valdosta*, 217 Ga. App. 351, 352 (1) (457 SE2d 259) (1995). In the instant case, Mann filed an initial claim for temporary total disability benefits as of March 6, 1996, and continuing, and he had the burden of proof regarding that claim.

As authority for the proposition that during an "all issues" initial claim, once it is found that the employee has established a temporary total disability, the burden shifts to the employer to prove the employee is no longer disabled, the appellate division relied upon *Cornell-Young &c. v. Minter*, 168 Ga. App. 325 (309 SE2d 159) (1983). However, *Cornell-Young* was a change in condition case and is inapplicable to "all issues" initial claims.

For a change in condition to occur, the evidence must show that a change occurred *after* the date on which the employee's physical condition was last established by award or otherwise. OCGA § 34-9-104 (a) (1); *Johnson Controls v. McNeil*, 211 Ga. App. 783, 785 (1) (440 SE2d 528) (1994). The burden of proof is on the party claiming that a change in condition has occurred. Id. As Mann's condition had never been established by award or otherwise prior to the hearing on his claim, he had the burden of proof in the matter and the appellate division erred in shifting the burden to the employer at whatever point in time during the hearing Mann established a work-related disability.

However, the improper assignment of the burden of proof alone may be harmless where both parties had ample opportunity to present evidence fully. *Cornell-Young*, supra at 330. In this case, both Mann and his employer thoroughly presented evidence regarding

Mann's work injury and his other health problems that subsequently developed. For that reason, regardless of the burden of proof assignment, the dispositive issue is whether the State Board's determination was supported by some evidence.

2. The ALJ determined that Mann proved a temporary period of total disability from March 6, 1996, until March 27, 1996, but that any subsequent disability was attributable to other health problems unrelated to his work injury. Although the appellate division erroneously shifted the burden of proof to the employer, it likewise concluded that the evidence established a work-related disability only from March 6, 1996, until March 27, 1996.

In remanding the case, the superior court concluded that the evidence cited by the appellate division did not support a finding that the employer demonstrated a change in Mann's condition for the better as of March 27, 1996. However, as discussed by the ALJ in the original award, an orthopedist who examined Mann in November 1996 reported that Mann's back condition was not significantly altered by the February 1996 work injury and did not render him unable to work. That medical opinion supported the finding that any disability attributable to Mann's February 1996 work injury was temporary and, along with the lack of any medical treatment for Mann's back condition after the onset of his numerous health problems in March 1996, constituted some evidence to support the finding that Mann was disabled by the back injury only from March 6, 1996, until March 27, 1996.

"In reviewing a workers' compensation award, both this court and the superior court must construe the evidence in the light most favorable to the party prevailing before the ALJ and appellate division." (Citations and punctuation omitted.) *Worthington Indus. v. Sanks*, 228 Ga. App. 782, 783 (2) (492 SE2d 753) (1997). Applying that standard in this case, as there was some evidence to support the State Board's determination that Mann's work-related disability had ceased by March 27, 1996, the superior court erred in not affirming the award.

*Judgment reversed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 10, 1998 —
RECONSIDERATION DENIED SEPTEMBER 23, 1998.

*Murphy & Sibley, Phillip A. Sibley*, for appellant.
*Edward E. Boshears*, for appellee.