S00G0726. ALDRICH v. CITY OF LUMBER CITY et al.

(542 SE2d 102)

BENHAM, Chief Justice.

On August 25, 1989, appellant Bobby Aldrich, then a police officer for Lumber City, was struck by lightning while he was on duty. He sought workers' compensation benefits, alleging the lightning strike aggravated his pre-existing diabetes and caused other injuries. An administrative law judge of the State Board of Workers'

Compensation ("Board") initially denied his request for benefits. On May 3, 1991, however, the appellate division of the Board awarded him total disability benefits.

On July 31, 1994, Aldrich accepted employment with the City of Alamo as a police officer. Three months later, Aldrich had an automobile accident while on duty and sought workers' compensation benefits as a result of that accident, or, in the alternative, a finding of a change of condition in the injuries resulting from the lightning strike suffered while he was employed by Lumber City. Lumber City discovered that Aldrich was employed by the City of Alamo, suspended Aldrich's total disability benefits received as a result of the lightning strike, and sought to controvert his new claim for benefits for the automobile accident. At an evidentiary hearing before the Board, a claims adjuster for the insurer for Lumber City denied knowledge of Aldrich's return to work with the City of Alamo, in spite of Aldrich's testimony to the contrary. In addition, Aldrich admitted that he had not informed the Board he had accepted employment with the Department of Family & Children Services ("DFACS") in 1991 while his appeal was pending from the denial of his initial request for benefits, or that he had accepted employment as a security guard at a fast food restaurant in 1992. Aldrich also admitted he knew he was not entitled to the benefits and had not returned any of the money to his employer. The ALJ found Aldrich's testimony less than credible and noted several instances where Aldrich had engaged in deceptive behavior, but did not make a specific finding of fraud.

The ALJ denied Aldrich's request for additional benefits and ordered that Aldrich return the benefits he had received since February 7, 1991, the date he accepted employment with DFACS, finding that as of that date his diabetic condition had returned to the state it had been before the lightning strike. The ruling was affirmed on appeal.[1] This Court granted Aldrich's petition for certiorari to address whether OCGA § 34-9-104 prohibits a repayment award for workers' compensation benefits received prior to the last award establishing an employee's physical condition or status.[2]

Conceding his liability for repayment of amounts received after

---

[1] The Court of Appeals initially reversed the ruling, finding it violated OCGA § 34-9-104 (d) (1) in that the Board retroactively altered its previous finding regarding the compensability of Aldrich's injuries from the lightning strike. However, the Court of Appeals vacated the opinion and affirmed the award on motion for reconsideration, finding the statute expressly authorized the award. *Aldrich v. City of Lumber City*, 241 Ga. App. 724 (530 SE2d 195) (1999).

[2] The question posed to the parties reads as follows: "Does the retroactive change of condition limitation set forth in OCGA §§ 34-9-104 (a) (1) and (d) (1) prohibit a repayment award for workers' compensation benefits received prior to the last award establishing an employee's physical condition or status, absent a finding of fraud?"

May 3, 1991, the date he was awarded total disability benefits, Aldrich argues it was error for the ALJ to order him to repay those benefits covering the period from the date he accepted employment with DFACS (February 7, 1991) to May 3, 1991. Aldrich asserts that language in OCGA § 34-9-104 prohibits the ordered repayment of the contested portion of the benefits.

The repayment of overpaid workers' compensation benefits is a relatively new concept in Georgia law. In 1978, the portion of the workers' compensation statute at issue was amended. The plain language of the amended statute reflects the legislature intended to provide a means to employers to recover overpayments. OCGA § 34-9-104. Previously, the Board had authority to make an award based on a change of condition "ending, diminishing or increasing the compensation previously awarded," but had no authority to allow for the recovery of overpayments. Ga. Code Ann. § 114-709 (1973). To resolve this problem, the General Assembly specifically provided for recovery of overpayment by enacting OCGA § 34-9-104 (d) (1), which states:

> Subject to the limitation in subsection (a) of this Code section that a change of condition was a change which occurred after the date on which the wage-earning capacity, physical condition, or status of the employee was last established by award or otherwise, the award or order contained in the final decision entered by the administrative law judge or the board shall be effective as of the time of change in condition as found by the administrative law judge or board, notwithstanding the retroactive effect of the award or order. . . .

As the statute makes clear, the scope of recovery for a repayment award is limited by OCGA § 34-9-104 (a) (1), which states:

> As used in this Code section, the term "change in condition" means a change in the wage-earning capacity, physical condition, or status of an employee or other beneficiary covered by this chapter, which change must have occurred after the *date on which the wage-earning capacity, physical condition, or status of the employee or other beneficiary was last established by award or otherwise.*

(Emphasis supplied.)

Aldrich interprets the italicized phrase in OCGA § 34-9-104 (a) (1) to mean the date the previous award was issued. Under Aldrich's interpretation, the Board could only find a change of condition to have occurred after May 3, 1991, and thus was authorized only to order him to repay benefits for the period following that date. Lumber City, on the other hand, interprets the italicized phrase to mean

the date the claimant was found, by virtue of having accepted employment, to have experienced a change in condition, i.e., February 7, 1991, even though this date is prior to May 3, 1991, the date of the last award.

Where the language of the statute is clear, unambiguous, and does not lead to any absurd or impractical consequences, this Court is prohibited from construing the statute differently than the terms of the statute. *Diefenderfer v. Pierce*, 260 Ga. 426 (396 SE2d 227) (1990). The grammatical structure of the italicized phrase can only reasonably be read to refer to the date of the award. The phrase is written in the passive voice. If the phrase were rewritten in the active voice, the phrase would read "the date on which the award last established the wage-earning capacity, physical condition, or status of the employee or other beneficiary." Viewed in this light, the phrase can only reasonably be read to refer to the date of the award.

Even assuming the phrase is ambiguous, rules of statutory construction demand that we interpret the italicized phrase as referring to the date of the award. Where the language of a statute is capable of more than one meaning, this Court should interpret the statute so as to carry out the legislative intent. *Labovitz v. Hopkinson*, 271 Ga. 330 (519 SE2d 672) (1999).

> In construing the meaning of ambiguous language in a Code section, we must look, where possible, to the original act; the language of the section should be construed as intending to state the previously existing law and not to change it unless such a purpose clearly manifests itself. [Cit.]

*Amica Mut. Ins. Co. v. Bourgault*, 263 Ga. 157 (1) (429 SE2d 908) (1993). There is no indication the legislature intended to revise the definition of what constitutes a change in condition. The 1973 statute provided:

> The board shall have jurisdiction on such review to consider evidence of, and make a new award, on such review to consider evidence of, and make a new award, determining events which occurred and conditions which existed at any time since the last hearing or agreement which resulted in an award for either party.

Thus, we must conclude that the present statute contains the same prohibition since it is not clear that the legislature intended such a change. *Bourgault*, supra. This interpretation is consistent with how courts have interpreted the statute since the 1978 amendment. *Dan Vaden Chevrolet v. Mann*, 234 Ga. App. 500, 501 (506 SE2d 653) (1998); *Johnson Controls v. McNeil*, 211 Ga. App. 783, 785 (440 SE2d

528) (1994); *Dalton Junior College v. Bradley*, 184 Ga. App. 571 (362 SE2d 137) (1987).

Appellees' interpretation of the italicized phrase is also contrary to established principles of res judicata. An administrative decision acts as an estoppel in any subsequent judicial proceeding between the same parties where the issue is identical to that decided in the administrative proceeding. *Coleman v. Columns Properties*, 266 Ga. 310 (467 SE2d 328) (1996). Were we to accept appellees' argument, there would be no finality with respect to any determination regarding a claimant's wage-earning capacity, physical condition, or status. Such an outcome could have disastrous consequences for claimants, as well as resulting in an inefficient use of judicial resources.

The Court of Appeals relied upon *Bahadori v. Nat. Union Fire Ins. Co.*, 270 Ga. 203 (507 SE2d 467) (1998), for the proposition that the board has the authority to find a change of condition as of a date prior to the last award. However, the question of whether the board has authority to find a change in condition as of a date prior to the last award was not before this Court in that case. We granted certiorari in *Bahadori* solely to address the question, "What limitation period applies to an action for the recovery of overpaid benefits under OCGA § 34-9-104 (d) (2)?" Thus, *Bahadori* cannot be cited for the proposition that a change of condition can be found as of a date prior to the previous award.

Our ruling does not prevent employers from recovering benefits paid prior to the most recent award. However, the proper means for an employer to recoup benefits paid for a time period before the date of an award is an action in civil court. *Bahadori*, supra at 205 (2).

For the foregoing reasons, we reverse the ruling of the Court of Appeals and remand the case for further proceedings consistent with this opinion.

*Judgment reversed and case remanded. All the Justices concur, except Fletcher, P. J., who concurs in the judgment only.*

DECIDED FEBRUARY 16, 2001.

*Clements, Clark & Sweet, John F. Sweet, Larry N. Hollington*, for appellant.

*Drew, Eckl & Farnham, Daniel C. Kniffen, Terrence T. Rock*, for appellees.

*George, Bartles & Wallach, Alex B. Wallach, Todd S. Colarusso*, amici curiae.