## A11A0555. McEWEN v. BREMEN BOWDON INVESTMENT COMPANY.

(709 SE2d 908)

ANDREWS, Judge.

We granted Brandi McEwen's application for discretionary review of the superior court's order affirming a decision by the State Board of Workers' Compensation ("the Board"). For reasons discussed below, we vacate and remand this case to the Board for further consideration.

The record shows that in January 2008, McEwen started working for Bremen Bowdon Investment Company ("BBI"), a manufacturer of military uniforms. At various times, she worked in the pants shop, made buttonholes, sewed buttons, and ironed coat linings.

In October 2008, McEwen began experiencing back pain at work, particularly while "twisting" in connection with her buttonhole duties. McEwen told her supervisor, Dianne Kellum, that her "back was hurting from the job." Although Kellum acknowledged that McEwen came to her crying and told her that her back was hurting, she said McEwen never told her that her back was hurting because of her job. Kellum told McEwen that she should see a doctor, and McEwen went to the emergency room twice in November 2008. She missed work on the second occasion, provided a "work excuse" to Kellum, and then returned to her normal work duties.

Although McEwen's back pain continued, she "tried to work as best as [she] could." Apparently, however, she missed more time from work because of her condition, and BBI terminated her on January 23, 2009, for absenteeism. McEwen subsequently filed a workers' compensation claim, seeking continuing temporary total disability ("TTD") benefits from January 24, 2009, as well as medical benefits and assessed attorney fees.

Following a hearing, the Administrative Law Judge ("ALJ") concluded that McEwen's back condition was caused over time by her job duties and thus was compensable as an injury arising out of and in the course of her employment. The ALJ noted that McEwen testified that she never had any back problems prior to working for BBI and had no injury outside the job to her back. The ALJ awarded McEwen temporary total disability and medical benefits, but denied her claim for attorney fees.

BBI appealed the ALJ's award to the Board's appellate division, which reversed, finding that the injury did not arise out of McEwen's employment. The appellate division explained: "In reaching this conclusion, we are persuaded by the employee's own testimony that at no time while she was working with the employer did she allege a job injury." It also noted that McEwen did not inform her superiors or her initial treating physicians that she had a workers' compensation claim, and she did not report a "specific injury."

The superior court affirmed that decision on further appeal. This appeal followed.

1. In her first enumeration of error, McEwen argues that the appellate division lacked authority to make its own factual findings and reverse the ALJ. But the appellate division may substitute its own factual findings for those of the ALJ if it determines that the ALJ's findings were not supported by a preponderance of the evidence. See *Bankhead Enterprises v. Beavers*, 267 Ga. 506, 507 (480 SE2d 840) (1997). Moreover, a superior court must uphold the substituted findings if any evidence supports them. See id. at 508.

2. As noted above, however, the division based its decision, at least in part, on an erroneous finding of fact; namely "employee's own testimony that at no time while she was working with the employer did she allege a job injury." As stated above, although denied by Kellum, McEwen testified that she informed Kellum that she "had hurt [herself] at work," and that she "hurt [her] back on the job."

But the appellate division did not base its award on a determination that Kellum was more credible than McEwen. Instead, it relied upon an alleged admission that is not evident in the record.

"When it is uncertain from the face of the award whether the board has considered certain evidence, the proper remedy is to remand to the board for further consideration." *Times-Georgian v. Thompson*, 201 Ga. App. 854, 856 (412 SE2d 871) (1991); see also *Shaw Indus. v. Shaw*, 262 Ga. App. 586 (586 SE2d 80) (2003). It appears that the appellate division either failed to consider all of McEwen's testimony or misconstrued the testimony. Furthermore, the division gave significant weight to what it believed to be an admission in McEwen's testimony. Given that no admission was made, a remand is necessary so that the appellate division can reconsider the case in light of all relevant testimony. Accordingly, the judgment of the Superior Court is vacated and this case is remanded to the State Board of Workers' Compensation for further consideration.

*Judgment vacated and case remanded. Phipps, P. J., and McFadden, J., concur.*

DECIDED APRIL 8, 2011.

*Smith, Wallis & Scott, Christopher B. Scott, Joseph W. Brown II,* for appellant.
*Bovis, Kyle & Burch, Adam C. Grafton,* for appellee.