## A11A2199. FLORES v. DEPENDABLE TIRE COMPANY, INC.
(726 SE2d 776)

DOYLE, Presiding Judge.

We granted Jacinto Flores's application for discretionary appeal in this workers' compensation case to determine whether the superior court properly remanded the case to the Appellate Division of the State Workers' Compensation Board ("the Board") for correction of legal errors in the Board's decision. For the reasons that follow, we affirm in part and reverse in part the judgment of the superior court.

> In reviewing a workers' compensation award, both this Court and the superior court must construe the evidence in the light most favorable to the party who prevailed before the Board. The Board's factual findings are conclusive and binding on a reviewing court when supported by any evidence, and neither this Court nor the superior court is authorized to substitute itself as a factfinding body in lieu of the Board.[1]

Viewed in favor of Flores, the record establishes that he sustained a compensable on-the-job injury on February 12, 2008, when he injured his back while lifting a large tire. Flores did not return to work. His claim was accepted by the employer, Dependable Tire Company, Inc., which paid indemnity benefits to Flores monthly in the amount of $381.96 starting from the February 12, 2008 injury.[2]

On November 18, 2008, as Flores was leaving a doctor's appointment related to the February compensable injury, the vehicle in which he was riding was struck from the rear, and he was slammed into the dashboard, causing him to lose consciousness. The vehicle in which Flores was traveling was provided by the employer. Although Flores testified that he did not choose the transport service provided to him, there was evidence that the employer's insurance company provided the vehicle because Flores requested it and that the employer was not involved in scheduling Flores's appointments. As a result of the collision, Flores complained of pain in his neck and back, as well as in his chest, abdomen, pelvis, and knees. He was diagnosed as

---

[1] (Footnotes omitted.) *City of Atlanta v. Roach*, 297 Ga. App. 408, 408-409 (667 SE2d 426) (2009).

[2] There is some confusion in the record on this point. The Administrative Law Judge's order indicates that benefits ceased as of November 18, 2008, but at the hearing, the employer stated that indemnity benefits continued, while Flores contended only that the employer stopped paying medical expenses.

having acute chest, abdomen, and pelvic blunt trauma, neck sprain, and acute contusions to both knees.

The medical records reflect that prior to the November automobile accident, Flores had been evaluated for surgical treatment of his herniated disks that were related to his work-related injury. At his appointment on the day of the accident, Flores reported that his pain intensity was eight out of ten. The physician noted that Flores had "failed rehabilitation services and medications," and Flores was again referred for surgery.

In April 2009, Flores returned to treatment, seeing Dr. Tapan but did not report the November automobile accident to him. Nevertheless, Dr. Daftari deposed that Flores again reported his pain level as an eight out of ten; that the accident aggravated Flores's neck and back injuries; but that his diagnosis of lumbar disk herniation and cervical disk herniation was the same before and after the accident.

A hearing was held before an administrative law judge ("ALJ") in April 2010, for the purpose of determining whether Flores had a change in condition based on the intervening accident. Flores's counsel indicated that they filed the request for a hearing after the employer stopped paying for Flores's medical bills. The employer's counsel indicated that Flores had been receiving temporary total disability benefits since the work-related injury and that the intervening accident had potentially rendered him permanently disabled, which justified the suspension of his benefits.

In his order, the ALJ concluded that Flores had not suffered a change in condition. After concluding that the accident should be considered work-related, the ALJ determined that the accident was not a non-compensable, independent, intervening event resulting in the claimant's inability to work. Consequently, the ALJ directed the employer to reinstate the indemnity benefits, pay for medical treatment related to the November accident, and provide continued treatment for the initial compensable injury. The employer appealed to the Board.

Affirming the ALJ's award, the Board concluded that the accident did not break the chain of causation of Flores's injury and that his condition was directly and causally linked to the work injury. Without expressly analyzing the issue of whether the accident should be considered work-related, the Board adopted the ALJ's conclusions.

The superior court reversed the Board, concluding that the Board's award was contrary to law and remanded the case for correction of the errors listed in the court's order. Specifically, the superior court concluded that the Board (1) misapplied the law with respect to accidents occurring while going to and from medical appointments; (2) erred by finding that there was no change in

condition after the accident because the finding was based on flawed medical evidence, which was impeached at the hearing; (3) erred by improperly ordering the recommencement of indemnity benefits even though they had not been suspended; and (4) erred by incorrectly ordering payment for medical expenses associated with the November 2008 automobile accident, which expenses were not at issue before the ALJ.

1. On appeal, Flores argues only that the superior court failed to apply the "any evidence" standard because it substituted its own credibility determination and improperly weighed the medical evidence. We agree.

Pursuant to OCGA § 34-9-204 (a),

[n]o compensation shall be payable for the death or disability of an employee if his or her death is caused by or, insofar as his or her disability, may be aggravated, caused, or continued by a subsequent nonwork related injury which breaks the chain of causation between the compensable injury and the employee's disability.

It is the employer's burden to establish a change in condition based on a subsequent injury.[3]

Flores is correct that the superior court ignored the "any evidence" standard when it determined that the Board's finding that Flores's injury was "not significantly changed" was based on flawed medical evidence. Instead, Dr. Daftari's testimony supports the Board's finding that there was no change in Flores's condition. Dr. Daftari deposed that although the accident aggravated Flores's injury, his diagnosis of cervical and lumbar herniated disks was the same before and after the accident and that Flores's pain intensity was the same. Because there was some evidence in the record to support the finding that there was no change in Flores's condition, the superior court was bound by that finding and erred by concluding otherwise.[4] Moreover, because the finding that there was no change in condition supports the Board's order for the employer to pay medical costs resulting from the original 2008 on-the-job injury, the superior court's judgment as to this issue is reversed and that part of the Board's order is affirmed.

---

[3] See *Johnson Controls v. McNeil*, 211 Ga. App. 783, 785-786 (1) (440 SE2d 528) (1994).

[4] See *Hallisey v. Fort Howard Paper Co.*, 268 Ga. 57, 58-59 (1) (484 SE2d 653) (1997) (holding that some evidence supported ALJ's finding that aggravation of initial on-the-job injury did not break the chain of causation and this Court erred by reversing); *Roach*, 297 Ga. App. at 411 (1).

2. Nevertheless, the employer argues, and we agree, that the superior court properly reversed the Board's order to the extent that it ordered payment for medical expenses resulting solely from the injuries Flores sustained in the November 2008 car accident.

The issue of whether an employee's injuries were sustained while en route to or from a physician's appointment for treatment of a work-related injury turns on the issue of whether the trip was voluntary. In *Johnson Controls v. McNeil*,[5] this Court held that an accident did not arise out of the course and scope of the claimant's employment because the trip to the doctor was voluntary — the treatment was not a prerequisite to returning to work, the employer did not set up the appointment or provide the transportation, and the employee was free to use his time for his own affairs.[6] Conversely, in *Firestone Tire & Rubber Co. v. Crawford*,[7] injuries sustained in an accident en route to an employer-mandated appointment were found to be compensable.[8]

In this case, the employer provided transportation after it was requested by Flores's attorney. This fact, alone, should not render the accident "work-related," particularly in light of the following facts: (1) Flores was not going to or from work when the accident occurred; (2) the appointment was not required by the employer; and (3) the employer had no control over Flores's appointments. Thus, the superior court correctly determined that the ALJ and the Board committed legal error by concluding that *all* of Flores's injuries sustained in the November 2008 accident were compensable because the accident was work-related.[9]

Accordingly, the superior court's judgment is affirmed to the extent that it reversed the Board as to this issue, and the case is remanded to the Board for the correction of the errors specified herein.

3. Finally, the superior court did not err by reversing the Board's order to the extent that it ordered the recommencement of indemnity benefits. There is no evidence of record establishing that these benefits ceased prior to the ALJ's hearing, and the only evidence of record establishes that the employer continued to pay indemnity benefits although it ceased paying medical benefits after the November 2008 car accident.

---

[5] 211 Ga. App. at 783.

[6] See id. at 785. See also *Street v. Douglas County Road Dept.*, 160 Ga. App. 559 (287 SE2d 586) (1981).

[7] 177 Ga. App. 242 (339 SE2d 292) (1985).

[8] See id. at 243-244 (2).

[9] See *Johnson Controls*, 211 Ga. App. at 784-785; *Street*, 160 Ga. App. at 560.

Accordingly, the superior court's judgment is affirmed to the extent that it reversed the Board as to this issue, and the case is remanded to the Board for the correction of the errors specified herein.[10]

*Judgment affirmed in part and reversed in part. Ellington, C. J., and Miller, J., concur in judgment only.*

DECIDED MARCH 29, 2012.

*Jeffery L. Dickerson*, for appellant.
*Drew, Eckl & Farnham, John G. Blackmon, Jr., Christopher A. Bennett*, for appellee.

---

[10] See *McEwen v. Bremen Bowdon Investment Co.*, 309 Ga. App. 170, 171 (2) (709 SE2d 908) (2011).